UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

    Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

    Defendants.

_____/

Case No.: 2:23-cv-11210
Hon.

**COMPLAINT AND JURY DEMAND**

    NOW COMES the above-named Plaintiff, Chapman & Associates, P.C. d/b/a Chapman Law Group (hereinafter "CLG"), by and through its counsel, Ronald W. Chapman, Sr., and brings this cause of action seeking legal and equitable relief against defendants for violation of section 15 U.S.C. § 45 et seg. and other listed causes of action.

**Introduction**

    1.    This lawsuit involves causes of action against two defendants who were never clients of CLG. Bringing this lawsuit does require CLG to address and discuss aspects of its representation of clients who are not Defendants/parties in this litigation. CLG went to great lengths in this Complaint to limit any reference to client

1

information to the bare minimum reasonably necessary to state a claim for relief. After this Complaint is filed, and assigned to a Judge, CLG plans to seek the issuance of an appropriate protective order that will permit it, in the future, to provide more detailed information, if necessary, in further filings under seal in whole or in part.

## Jurisdiction and Venue

2. This action is brought under 15 U.S.C. § 45 et seg. referred to as the Unfair and Deceptive Practice Act (UDPA), and for Fraudulent Inducement, Intentional Misrepresentation, Negligent Misrepresentation, Unjust Enrichment, Conversion, and Promissory Estoppel, and Breach of Contract.

3. Jurisdiction is founded upon 28 U.S.C.§§ 1331, 1343, and 1267.

4. Plaintiff is a legitimate business enterprise under UDPA.

5. Plaintiff is a person/consumer for purposes of UDPA.

6. Defendants are engaged in trade or commerce as those terms are defined by UDPA.

## The Parties

7. The Plaintiff, Chapman & Associates, P.C. d/b/a Chapman Law Group, is a Michigan professional corporation doing business in Michigan.

8. The Defendant Yescare Corp is a Texas limited liability company, doing business in multiple states, including the State of Michigan.

9. The Defendant, Isaac Lefkowitz (hereinafter "Lefkowitz"), is believed

to be a resident of the State of New York. He is the president of Yescare. He is also an officer of Perigrove Inc., (hereinafter "Perigrove") private equity entity with a "focus on healthcare investing." Defendant Lefkowitz transacted business in Michigan (via ZOOM) with CLG on multiple occasions.

10. At all times herein Defendant Lefkowitz's actions were on behalf of himself, Yescare and Perigrove.

11. The Defendant, Scott King, Esquire, (hereinafter "King") is the corporation counsel for Yescare. This action is brought in his corporate capacity only.

## Common Allegations

12. Chapman Law Group (hereinafter "CLG") has a long history of representing companies engaged in the delivery of health care services in correctional facilities dating as far back as 1987.

13. From approximately 2011 until earlier this year, CLG had represented a client entity that was created as a result of the merger of two entities previously also represented by CLG.

14. CLG's representation of this client ("The Client") involved more than 100 pending litigation matters, some of which involved direct representation of The Client and some of which involved representing physicians/nurses/mid-level providers who were working for or with The Client.

3

15. On September 22, 2021, CLG notified The Client that accounts receivable were extremely high approximating One Million Dollars ($1,000,000) and that CLG intended to withdraw if not paid. A payment plan was started.

16. From April 28th to May 3rd of 2022, The Client changed its state of incorporation from Delaware to Texas and underwent a merger with its parent company and two of its subsidiaries. Immediately following the merger, the combined entity underwent a Texas divisional merger, splitting itself into two Texas entities. One entity "acquired all of the active business" and was assigned all of the employees of the prior entity; the other entity was assigned "all liabilities related to terminated contracts."

17. The entity assigned all the liabilities continued to be CLG's client, but the other entity with the active business became a wholly owned subsidiary of Yescare Corp., (hereinafter "Yescare") a Texas corporation formed in January of 2022. Yescare thus "acquired all the active business" that previously belonged to CLG's Client, but Yescare did not become a client of CLG.

18. The apparent purpose and effect of the corporate restructuring was to separate corporate assets from corporate liabilities, placing the corporate assets with Yescare beyond the reach of CLG's client's (unsecured creditors), former employees to whom The Client owed duties of defense and indemnification.

19. Throughout all of this, CLG continued representing The Client to the

best of its abilities. Problems continued to persist in terms of The Client not being able, or not being willing, to pay attorney fees and expenses owed to CLG.

20. On information and belief Defendant Lefkowitz is the person that controls Yescare among other entities, and is employed by the beneficial owners, Perigrove, and at all relevant times has been simultaneously acting for himself, Yescare, Perigrove, and other entities.

21. At all times Defendant Lefkowitz represented himself, Yescare, and Perigrove at the same time.

22. After months of not paying fees, The Client, through Defendant Lefkowitz and Defendant King, agreed to make substantial payments of $260,000 per month for three (3) months and to begin paying all invoices no later than sixty (60) days from date of the invoice.

23. On June 24, 2022, CLG sent The Client a letter demanding payment again and expressing frustration with The Client's refusal to pay its attorney fees.

24. On June 27, 2022, following receipt of the June 27, 2022, letter Defendant Lefkowitz called and assured CLG that Yescare and Lefkowitz personally would guarantee/pay all invoices for legal fees and expenses, as well as indemnify all current and former employees and independent contractor's consistent with normal business operations. Lefkowitz also agreed to begin making catch-up payments as consideration for CLG to not withdraw from its representations of The

5

Client.

25. Defendant Lefkowitz stated CLG withdrawal as counsel in the approximately 100+ open claims would cause catastrophic consequences to Yescare and the progress they were making in developing new business.

26. Yescare counsel Defendant King, knew that Defendant Lefkowitz was making these promises and supported/ratified them on behalf of Yescare.

27. On August 17, 2022, Defendant King was notified that payments were not being made as promised and that CLG was going to withdraw.

28. On August 18, 2022, a termination letter was drafted and delivered to Defendant King.

29. On August 19, 2022, Defendant King (employed by Yescare now) stated:

> "Ron, Prior to meeting with our PL team on the separation, I would like to schedule a call for us to talk and make sure we fully understand your position with respect to the individual defendants. Also, while I respect your decision to withdraw, there may be ways *to provide you with sufficient assurances* (emphasis added) on The Client being capable of continuing to pay for defense and indemnity costs associated with these cases. Let me know if you have availability today for a call. Thanks. Scott".

30. Thereafter a ZOOM meeting took place at 2:30 PM on August 19, 2022. Attendees included multiple members of CLG and Defendants King, and Defendant Lefkowitz.

31. During that ZOOM meeting, CLG was provided with a number of promises and assurances that were intended to keep CLG representing The Client rather than withdrawing from approximately one hundred litigation matters. Those promises and assurances included:

    a. All clients of CLG (including employees, former employees, and independent contractors of The Client) would be indemnified and all past present and future CLG attorney fees and expenses would be paid and guaranteed by Defendants Yescare and Lefkowitz.

    b. Defendant Lefkowitz stated he would personally guarantee payment of all indemnity payments and attorney fees and expenses.

    c. Defendant Lefkowitz and Defendant King expressed deep concern if CLG withdrew that the ability of defendant Yescare to continue business would be significantly damaged, causing contracting counties and state correctional institutions to cancel existing contracts and causing pending negotiations with various states to be discontinued.

    d. Defendant Lefkowitz stated Defendant Yescare was about to land some significant contracts and needed CLG to stay on as counsel and not notify CLG clients of the potential financial instability of The Client

    e. Defendant Lefkowitz told a story to explain what the Texas two-step was and how the process was used to force plaintiffs into accepting lower settlements and why CLG should have no concerns for its fees/expenses or the indemnification of its clients.

        i. A person (Lefkowitz/Yescare) had a friend (The Client) that could not pay his creditors and needed money to continue business. The person (Lefkowitz/Yescare) loaned him some money to get him on his feet. The person (Lefkowitz/Yescare) told him that in the future every time a creditor called start babbling like a fool and the creditor will go away and you will save money. A

        year later the person (Lefkowitz/Yescare) called the friend (The Client) and said he wanted his money back and the friend (The Client) started babbling. The person (Lefkowitz/Yescare) then said you fool I taught you that trick now pay up.

      ii. Defendant Lefkowitz told this story to assure CLG that Yescare or him personally, had the money to pay all attorney fees and indemnity payments as needed.

  f. CLG accepted the promise/agreement to pay all attorney fees past, present, and future and indemnity payments as needed assurance. CLG to its detriment relied on these assurances and continued working.

  g. Without the promise/agreement/guarantee, CLG would not have continued as counsel and incur additional fees and expenses totaling Nine Hundred Fifty Thousand Dollars ($950,000) and growing.

  h. Defendant Lefkowitz also stated, "The Client could have filed for bankruptcy three times over. Rest assured that we are not and will not file for bankruptcy."

32. On Feb. 14, 2023, The Client filed for bankruptcy.

33. CLG sought advice of ethics counsel and filed motions to withdraw in all cases. Several of the motions remain pending.

34. Counsel also sought the advice of ethics counsel prior to filing this complaint.

35. Defendant Lefkowitz did not deny that he intentionally lied when he guaranteed that Defendant Yescare and Defendant Lefkowitz would indemnify all former employees and pay the CLG past present and future attorney fees and costs.

36. Further Defendant Lefkowitz did not deny that he intentionally refused

to accept a negotiated settlement of $700,000 in a pending federal lawsuit and forced the case to trial, causing CLG to incur over $128,000 in attorney fees and an excessively high verdict. The failure to pay the judgement caused and is causing significant harm to the defendant employees found liable.

## Count I
## Unfair Deceptive Practice
## 15 U.S.C. § 45 et seg

37. Allegations 1 through 36 are re-alleged as though fully set out word for word herein.

38. This a cause of action for damages under the Unfair Deceptive Practices Act 15 U.S.C. § 45 et seg.

39. Plaintiff is a business enterprise under the UDPA.

40. Plaintiff is a person under the UDPA.

41. Defendants are engaged in trade or commerce.

42. Defendants had evil and intentional motives to be deceptive and misleading to cause CLG to rely on their deception and to continue to work for The Client, which significantly benefited Yescare, Lefkowitz and Perigrove.

43. Defendants were/are engaged in deceptive unfair trade practices, by concealing the true financial health of The Client from CLG and fraudulently misrepresenting that Defendants Yescare and Lefkowitz would guarantee payment of past present and future attorney fees and expenses incurred by CLG.

44. Defendants Yescare/Lefkowitz/King committed the following additional acts:

- failed to reveal a material fact, the omission of which tends to mislead or deceive a person, and which fact could not reasonably be known by the person. Financial records of The Client, a private company, were not obtainable by CLG and could not have been obtainable under any reasonable means.

- misrepresented a benefit to CLG, continued payment of attorney fees and client indemnity payments if CLG did not withdraw and did not inform clients to seek counsel.

- failed to reveal facts material to the transaction in lieu of the misrepresented and untrue facts/statements made to cause CLG to act to its detriment.

45. As a result of the actions plaintiff CLG suffered financial loss in excess of $950,000 dollars.

46. Plaintiff, CLG, is entitled to recover actual damages, treble damages, attorney fees, and punitive damages.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the UDPA including actual, treble, punitive and attorney fees.

## Count II
## Michigan Unfair Deceptive Trade Practices
## MCL § 445.901 et seg.

47. Allegations 1 through 36 are realleged as though fully set out word for word herein.

48. This is a cause of action for damages under the Michigan Deceptive Unfair Trade Practices Act MCL § 445.901 et seg.

49. Plaintiff is a business enterprise under the deceptive Unfair trade Practices Act.

50. Plaintiff is a person under the Deceptive Unfair Trade Practices Act.

51. Defendants are engaged in trade or commerce.

52. Defendants had evil and intentional motives to be deceptive and misleading and to cause CLG to rely on their deception and to continue to work for The Client, which significantly benefited Yescare, Lefkowitz and Perigrove.

53. Defendants were/are engaged in deceptive unfair trade practices, by concealing the true financial health of The Client from CLG and fraudulently misrepresenting that Defendants Yescare and Lefkowitz would guarantee payment of past present and future attorney fees and expenses incurred by CLG.

54. At minimum, Defendants Yescare/Lefkowitz/King committed the following acts:

- failed to reveal a material fact, the omission of which tends to

mislead or deceive a person, and which fact could not reasonably be known by the person. Financial records of The Client, a private company, were not obtainable by CLG and could not have been obtainable under any reasonable means.

- misrepresented a benefit to CLG, continued payment of attorney fees and client indemnity payments, if CLG did not withdraw and did not inform clients to seek counsel.

- failed to reveal facts material to the transaction in lieu of the misrepresented and untrue facts/statements made to cause CLG to act to its detriment.

55. As a result of the actions plaintiff CLG has suffered financial loss in excess of $950,000 dollars.

56. Plaintiff CLG is entitled to recover actual damages, treble damages, attorney fees, and punitive damages.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan UDPA including actual, punitive, treble and attorney fees.

## Count II
## Promissory Estoppel

57. Allegations 1 through 36 are realleged as though fully set out word for word herein.

58. Defendants Yescare/Lefkowitz/King made a clear promise to pay all attorney fees and expenses past present and future by stating Yescare would pay and guaranteed by defendant Lefkowitz.

59. All parties were aware of the attorney's fees owed by virtue of receiving multiple emails and accounts receivable statements from CLG and monthly statements uploaded to its attorney billing platform.

60. CLG relied on the promises to its detriment.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

## Count III
## Fraudulent Inducement and Negligent Misrepresentation

61. Allegations 1 through 36 are realleged as though fully set out word for word herein.

62. Defendants Yescare/Lefkowitz/King intentionally misrepresented and/or intentionally or negligently omitted material facts of financial insolvency or reasonable potential insolvency or intent to file bankruptcy that influenced the judgment of CLG and their acceptance of the assurance of payment.

63. The false representation related to a past and existing fact.

64. The Defendants Yescare/Lefkowitz/King made the representation knowing it was false and with the intent to induce/deceive CLG to continue to provide legal services.

65. CLG agreed to provide legal services by justifiably relying on the misrepresentations and deceitful statements made by Defendants Yescare/Lefkowitz/King.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

### Count IV
### Unjust Enrichment

66. Allegations 1 through 36 are realleged as though fully set out word for word herein.

67. Defendants Yescare/Lefkowitz/King promised to pay all past present and future legal fees incurred defending The Client and its employees.

68. CLG relied on the promises.

69. Defendants Yescare/Lefkowitz/King knew their statements would induce CLG to accept the assurances and continue working to its detriment.

70. CLG conferred a benefit on Yescare and Lefkowitz by not withdrawing which in Defendants Yescare/Lefkowitz/King own words would have caused significant damage to Yescare current and future business ventures. Several times Lefkowitz made statements to CLG president Ronald W. Chapman, Sr. that CLG services were necessary without which his plan to grow Yescare would fail.

71. CLG relied on the promises to its detriment.

72. Defendants Yescare/Lefkowitz/King were aware that CLG was

incurring significant attorney fees and expenses on a monthly basis. They also knew that CLG was required to advance tens of thousands of dollars in expert and other fees all while knowing that CLG would not be reimbursed.

73.     It would be unjust and inequitable to allow Defendants Yescare/Lefkowitz/King to not be required to pay the full fees/expenses and other damages. Yescare, having a market capitalization exceeding $350,000,000 took advantage of a medium size law firm knowing that under attorney ethical rules it could not simply stop working.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

### Count V
### Conversion
### MCL 600.2919a(1)(a)
### And Common Law

74.     Allegations 1 through 36 are realleged as though fully set out word for word herein.

75.     CLG has a right to possession of over $845,000 fees and expenses.

76.     Defendants Yescare/Lefkowitz/King intentionally interfered with the possession of attorney fees and expenses by promising and guaranteeing to pay CLG fees in exchange for continued engagement as counsel; allowing Defendants to continue to market and obtain new business misappropriating CLG labor and investment to their benefit.

77. CLG was deprived of the possession of said property.

78. Defendants Yescare/Lefkowitz/King took the attorney fees ($950,000) and used the unpaid fees for the benefit of Yescare to continue other business and avoid any financial harm to Yescare.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

## DEMAND FOR JURY TRIAL

Your plaintiff, CLG, demands a trial by jury.

WHEREFORE, your Plaintiff, CLG, prays this Honorable Court find Defendants liable for all allegations (Counts I through V) and award compensatory damages in the amount of Eight Hundred Forty-Five Thousand Dollars ($845,000), treble damages, attorney fees, prejudgment and post judgment interest, pain and suffering caused by the intentional financial strain knowingly and callously placed on CLG and punitive damages.

                                      Respectfully submitted,
                                      CHAPMAN LAW GROUP

Dated: May 22, 2023                /s/Ronald W. Chapman Sr.
                                      Ronald W. Chapman Sr., M.P.A.,
                                      LL.M. (P37603)
                                      Jonathan C. Lanesky (P59740)
                                      Devlin K. Scarber (P64532)
                                      Attorneys for Plaintiff
                                      1441 West Long Lake Rd., Suite 310
                                      Troy, MI 48098
                                      (248) 644-6326
                                      rchapman@chapmanlawgroup.com
                                      jlanesky@chapmanlawgroup.com
                                      dscarber@chapmanlawgroup.com