# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHAPMAN & ASSOCIATES, P.C.,
d/b/a CHAPMAN LAW GROUP,

        Plaintiff,

Case No. 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge: Kimberly G. Altman

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

        Defendants.

_____/

| | |
|---|---|
| Ronald W. Chapman Sr. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | Butzel Long, a professional corporation |
| 1441 West Long Lake Rd., Ste. 310 | 201 W. Big Beaver Rd., Ste. 1200 |
| Troy, MI  48098 | Troy, MI  48084 |
| 248.644-6326 | 248.258.2907 |
| rchapman@chapmanlawgroup.com | newman@butzel.com |
| jlanesky@chapmanlawgroup.com | Attorney for Defendants |
| Attorney for Plaintiff | |

_____/

## **DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant, Isaac Lefkowitz (described in the Plaintiff's Complaint as being sued in his "individual and corporate capacity"[1])("Lefkowitz") moves this Court pursuant to Fed. R. Civ. P. 55 to set aside the Default filed by the Plaintiff on July 6, 2023 and entered by the Clerk on July 6, 2023.  Lefkowitz can establish the requisite "good cause" and also has a meritorious defense to Plaintiff's Complaint as the following facts demonstrate:

    1.    Plaintiff filed this case on May 22, 2023.

    2.    On June 5, 2023, the Plaintiff filed a Certificate of Service (the "Certificate of Service") purportedly showing service on Defendant.

---

[1] Mr. Lefkowitz is not a corporation.  The meaning of Plaintiff's claim that he is "in his corporate capacity" is unknown.

3. Although Mr. King and YesCare had waived service, the Certificate of Service purports to show service by certified U.S. mail on YesCare, Mr. King and Lefkowitz.

4. The Certificate of Service shows that the Complaint and Summons were sent to YesCare's Resident Agent in Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201 on May 30, 2023, and was signed for by a Terri Thongsavat.[2]

5. The Plaintiff's Complaint in this matter asserts that Mr. Lefkowitz is "believed to be a resident of the State of New York."

6. However, the Certificate of Service shows service only on a corporate registered agent in Texas.

7. Mr. Lefkowitz is an individual. Under Fed. R. Civ. P. 4(e), proper service on Mr. Lefkowitz requires one of the following methods:

    a. Delivering a copy of the summons and the complaint to him personally;

    b. Leaving a copy of the summons and the complaint at his dwelling or usual place of abode with someone of suitable age and discretion who resides there,

    c. Delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process; or

    d. Following either the law of Michigan (the jurisdiction where this case is filed) or "the state where service is made").

8. Per MCR 2.105(B) Michigan law on service of process on a non-resident individual[3] requires:

---

[2] A Google Search suggests that Ms. Thongsavat was or is a Senior Service of Process Intake Specialist for CT Corporation.
See:
https://www.google.com/search?q=terri+thongsavat&rlz=1C1GCEA_enUS973US973&oq=terri+thong&gs_lcrp=EgZjaHJvbWUqCAgBEAAYFhgeMgYIABBFGDkyCAgBEAAYFhge0gEJNDQwM2oxajE1qAIAsAIA&sourceid=chrome&ie=UTF-8#ip=1

   a. Serving a summons and a copy of the complaint in Michigan on an agent, employee representative, sales representative, or servant of the defendant, and sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address; and

   b. If the individual is doing business under an assumed name, by (a) serving a summons and copy of the complaint on the person in charge of an office or business establishment of the individual, and (b) sending a summons and a copy of the complaint by registered mail addressed to the individual at his or her usual residence or last known address.

9. Finally, although Mr. Lefkowitz is alleged to be a New York resident, the Plaintiff purports to have served him in Texas. Under Sec. 17.021, Texas permits service on an individual, partnership, or unincorporated association that has an office, place of business, or agency for transacting business in Texas if the action grows out of or is connected with business transacted in Texas. Mr. Lefkowitz is neither a partnership nor an unincorporated association, nor does he have an office, place of business or agency for transacting business in Texas.

10. The legal services at issue in this case were performed in Michigan, not Texas. This is not a case growing out of or connected to business transacted in Texas.

11. Upon information and belief, and based on the record before the Court, the Plaintiff never attempted to serve Mr. Lefkowitz in New York under the Federal Rules of Civil Procedure, the Michigan Court Rules or the law of New York.

12. The Plaintiff filed for a Default against the Mr. Lefkowitz on July 6, 2023, and the Clerk entered the Default the same day.

---

[3] Michigan law provides methods of service on a minor or a person for whom a guardian or conservator has been appointed. Neither is applicable to Mr. Lefkowitz.

13. Pursuant to Fed. R. Civ. P. 55(c), a Court should set aside a Default if good cause is shown.

14. The Sixth Circuit also requires that, if a default judgment has been entered (which has not occurred here), and the defendant asserts that service of process was defective, the moving party must allege a meritorious defense. *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

15. "Good cause" sufficient to set aside a default includes "(1) a substantial defect or irregularity in the proceedings upon which the Default was based, (2) a reasonable excuse for failure to comply with the requirements that created the Default, or (3) some other reasons showing that manifest injustice would result if the Default and the resulting Default judgment were allowed to stand." *Alken-Ziegler, Inc. v Waterbury Headers Corp.*, 461 Mich 219, 224 (1999).

16. In order to show facts constituting a meritorious defense, a defendant must raise factual issues that would warrant a trial on the merits. *See Park v Am Cas Ins Co*, 219 Mich App 62, 68; 555 NW2d 270 (1996).

17. This Court has broad discretion to set aside any entry of default. *Alken-Ziegler,* 461 Mich at 227 (1999). Michigan favors the determination of claims on their merits, and therefore, encourages the setting aside of defaults. *Huggins v Bohman*, 228 Mich App 84, 86 (1997).

18. An entry of Default should be set aside more readily than a default judgment. *Levitt v Kacy Manufacturing Co*, 142 Mich App 603; 370 NW2d 4 (1985).

19. Mr. Lefkowitz has good cause. The only alleged service on Mr. Lefkowitz occurred in Texas, a State in which he does not reside, and in which he (individually) does not have and has not appointed an agent for receipt of process.

20. The Plaintiff's claim is for legal services performed in Michigan, not Texas.

21. The Plaintiff's failure to properly serve Mr. Lefkowitz provides good cause for not responding to the Complaint.

22. Further, while arguably not required to be shown at this point because only default has been entered (not a default judgment), Mr. Lefkowitz has multiple meritorious defenses to the Plaintiff's claims.[4] These defenses are established through Exhibit A, Affidavit of Meritorious Defense and include:

 A. Mr. Lefkowitz had no contractual relationship with the Plaintiff.

 B. Mr. Lefkowitz was not represented by the Plaintiff, and did not hire the Plaintiff to represent him.

 C. The essence of Plaintiff's claim against Mr. Lefkowitz is an oral guarantee. Mr. Lefkowitz denies promising the Plaintiff payment, but even if he had, an oral guarantee violates the Michigan Statute of Frauds. MCL 566.132(1)

 D. The Plaintiff's Claims are properly against its client, Corizon Health ("Corizon") in Corizon's Chapter 11 Case. Knowing this, Plaintiff's Complaint never names its client, but rather defines an unnamed entity as its client.

---

[4] In addition to the below defenses, there is a very substantial question as to whether this case should even be in federal court, given that (1) Plaintiff premises subject matter jurisdiction on "federal question" jurisdiction, (2) Plaintiff's only federal cause of action is an unfair trade practices act claim under the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq*, and (3) binding precedent establishes that this Court should not entertain CLG's claims because Congress created no private right of action under that statute. *See e.g. Edoho-Eket v. Wayfair.com*, 2019 U.S. App. LEXIS 2332 (6th Cir. 2019)(affirming Rule 12(b)(6) dismissal, in part, because "Section 5 of the FTCA does not provide a private right of action"); *FTC v. Owens-Corning Fiberglass Corp.*, 853 F.3d 458 (6th Cir. 1988)("USR may not, as a private party, invoke the jurisdiction of the federal courts to enforce the Federal Trade Commission Act. Congress has clearly limited the invocation of jurisdiction under the FTC Act to the Commission itself.")

  E. The Plaintiff asserts that a promise about a future event (whether or not Corizon will file for bankruptcy) constitutes fraud. Promises about future events cannot be the basis for fraud claims.

  F. In addition to oral guarantee claims, the Plaintiff's Complaint asserts innuendo about what Lefkowitz "did not deny." Not only are these claims extraordinary vague as to time and place of those alleged non-denials, but they are utterly meaningless (at least as stated). Plaintiff seems to assume that a party is under a constant obligation to deny any flight of fancy that might cross a Plaintiff's mind.

  G. Licensed attorneys, who presumably are aware of the Statute of Frauds, cannot rely on oral guarantees, nor can they pretend the Statute of Frauds does not exist by redefining their oral guarantee claims "Unfair trade practices."

  H. Despite being licensed attorneys, Plaintiff asserts a claim for conversion of moneys alleged owed to it by Corizon. As Plaintiff ought know, Michigan law does not recognize a claim for statutory or common law conversion without an identified specific property that has been converted. This claim is, as a matter of law, frivolous. Conversion will not lie for money represented by a general debt or obligation.

23. The Plaintiffs, licensed Michigan attorneys, have sued an officer of a former client based on claims with the asserted underlying facts consisting of alleged oral guarantees and claims of conversion that are facially invalid – the mere fact that Corizon owed Plaintiffs money and was unable to make payment does not make corporate officers liable for conversion.

24. Now the Plaintiffs, who purport to have served Lefkowitz through certified mail at an office he does not maintain, in a State in which he does not reside, have had default entered

against him on their legally and factually unsustainable claims. The default should be set aside, and Lefkowitz should be given a reasonable time to answer the Plaintiffs' Complaint.

25. On July 13, 2023, before filing this Motion, Lefkowitz, through counsel, sought consent from CLG's counsel. The parties communicated, but as of the time that this Motion is filed, consent has not been received.

WHEREFORE, Lefkowitz requests that this Honorable Court grant his Motion to Set Aside Default.

    Respectfully Submitted,

    /s/ Max J. Newman
    Max J. Newman (P51483)
    Butzel Long, a professional corporation
    201 W. Big Beaver, Ste. 1200
    Troy, MI  48084
    248.258.2907
    newman@butzel.com
    Attorney for Lefkowitz

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHAPMAN & ASSOCIATES, P.C.,
d/b/a CHAPMAN LAW GROUP,

       Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

       Defendants.

Case No. 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge: Kimberly G. Altman

_____/

| | |
|---|---|
| Ronald W. Chapman Sr. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | Butzel Long, a professional corporation |
| 1441 West Long Lake Rd., Ste. 310 | 201 W. Big Beaver Rd., Ste. 1200 |
| Troy, MI 48098 | Troy, MI 48084 |
| 248.644-6326 | 248.258.2907 |
| rchapman@chapmanlawgroup.com | newman@butzel.com |
| jlanesky@chapmanlawgroup.com | Attorney for Defendants |
| Attorney for Plaintiff | |

_____/

**ISAAC LEFKOWITZ'S BRIEF IN SUPPORT OF
MOTION TO SET ASIDE ENTRY OF DEFAULT**

**I.  INTRODUCTION**

Defendant, Isaac Lefkowitz (described in the Plaintiff's Complaint as being sued in his "individual and corporate capacity"[5])("Lefkowitz") moves this Court pursuant to Fed. R. Civ. P. 55 to set aside the Default filed by the Plaintiff on July 6, 2023 and entered by the Clerk on July 6, 2023.

---

[5] Mr. Lefkowitz is not a corporation. The meaning of Plaintiff's claim that he is "in his corporate capacity" is unknown.

## II. ARGUMENT

### a. Defaults Can And Should Be Set Aside On A Showing Of Good Cause And Meritorious Defense.

This Court has broad discretion to set aside any entry of Default. *Alken-Ziegler Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). Michigan favors the determination of claims on their merits, and therefore, encourages the setting aside of Defaults. *Huggins v Bowman*, 228 Mich App 84, 86; 578 NW2d 326 (1997).

Pursuant to MCR 2.603(D)(1), a Court should set aside a Default if good cause is shown and the moving party presents an affidavit of facts establishing a meritorious defense. In conjunction with and in support of this court rule, public policy in Michigan favors setting aside Defaults and resolving issues on the merits. *Marposs Corp v Autocam Corp,* 183 Mich App 166, 170-171; 454 NW 2d 194 (1990); *Komejan v Suburban Softball*, 179 Mich App 41; 445 NW2d 186 (1989); *Levitt v Kacy Manufacturing Co*, 142 Mich App 603, 607; 370 NW2d 4 (1985).

Moreover, a Default should be set aside more readily than a default judgment. As the Court of Appeals recognized in *Levitt, supra*, there is less justification for upholding a Default, essentially a ministerial act, than for upholding a judicially ordered default judgment. The lower threshold is in accord with analogous federal law. *See American Allied Ins Co, Ltd v Eagle Ins. Co,* 92 F3d 57 (CA2, 1996)*; Meehan v Snow*, 652 F2d 274 (CA2, 1981). Essentially, once good cause is demonstrated, a party should be allowed its day in Court.

### b. Defendant Has a Meritorious Defense To Plaintiff's Claims.

In order to show facts constituting a meritorious defense, a defendant must raise factual issues that would warrant a trial on the merits. *See Park v Am Cas Ins Co*, 219 Mich App 62, 68; 555 NW2d 270 (1996); *See also Komejan, supra*, 179 Mich App at 51. In this case, the claims plead by the Plaintiff are, essentially oral guarantees of a debt owed by a third party. Mr.

Lefkowitz has the following meritorious defenses, established through Exhibit A, Affidavit of Meritorious Defense and include:

A. Mr. Lefkowitz had no contractual relationship with the Plaintiff

B. Mr. Lefkowitz was not represented by the Plaintiff in any matter, and did not hire the Plaintiff to represent him in any matter.

C. The essence of Plaintiff's claim against Mr. Lefkowitz is an oral guarantee. Mr. Lefkowitz denies promising the Plaintiff payment, but even if he had, an oral guarantee violates the Michigan Statute of Frauds. MCL 566.132(1)

D. The Plaintiff's Claims are properly against its client, Corizon Health ("Corizon") in Corizon's Chapter 11 Case. Knowing this, Plaintiff's Complaint never names its client, but rather defines an unnamed entity as its client.

E. The Plaintiff asserts that a promise about a future event (whether or not Corizon will file for bankruptcy) constitutes fraud. Promises about future events cannot be the basis for fraud claims.

F. In addition to oral guarantee claims, the Plaintiff's Complaint asserts innuendo about what Lefkowitz "did not deny." Not only are these claims extraordinary vague as to time and place of those alleged non-denials, but they are utterly meaningless (at least as stated). Plaintiff seems to assume that a party is under a constant obligation to deny any flight of fancy that might cross a Plaintiff's mind.

G. Licensed attorneys, who presumably are aware of the Statute of Frauds, cannot rely on oral guarantees, nor can they pretend the Statute of Frauds does not exist by redefining their oral guarantee claims "Unfair trade practices."

H. Despite being licensed attorneys, Plaintiff asserts a claim for conversion of moneys alleged owed to it by Corizon. As Plaintiff ought know, Michigan law does not recognize a claim for statutory or common law conversion without an identified specific property that has been converted. This claim is, as a matter of law, frivolous. Conversion will not lie for money represented by a general debt or obligation.

### c. Defendant Has Met The Good Cause Requirement For Setting Aside The Default Because the Service of the Complaint on Lefkowitz was Faulty.

Despite knowing that Lefkowitz was a resident of New York, the Plaintiff never attempted to serve him in New York under the Federal Rules of Civil Procedure, the Michigan Court Rules or the law of New York.

The record before the Court shows that the Plaintiff purports to have served Mr. Lefkowitz in Texas. Under Sec. 17.021, Texas permits service on an individual, partnership, or unincorporated association that has an office, place of business, or agency for transacting business in Texas if the action grows out of or is connected with business transacted in Texas. Plaintiff's legal services were not performed in Texas, nor is there any other allegation of any business related to the Plaintiff's claim for Michigan legal services being provided in Texas.

Mr. Lefkowitz is neither a partnership nor an unincorporated association, nor does he have an office, place of business or agency for transacting business in Texas.

"Good cause" pursuant to MRC 2.603(D)(1) is a less demanding standard than the "excusable neglect" standard set forth in MCR 2.612(C)(1)(a). *Kuikstra v Cheers Saloons*, 187 Mich App 699, 702; 468 NW2d 533 (1991) (*reversed* on other grounds) 441 Mich 851; 489 NW2d 468 (1992). "Good cause" sufficient to set aside a default includes "(1) a substantial

defect or irregularity in the proceedings upon which the Default was based, (2) a reasonable excuse for failure to comply with the requirements that created the Default, or (3) some other reasons showing that manifest injustice would result if the Default and the resulting Default judgment were allowed to stand." *Alken-Ziegler,* 461 Mich at 224.  *Alken-Ziegler* clarified the analysis a court must follow in deciding whether to set aside a Default judgment.  The Supreme Court unanimously held that a defaulted party must show both "good cause" and a "meritorious defense", but that a strong meritorious defense requires a lesser showing of good cause to set aside a default judgment, and vice versa.  *Id.* at 231.

Here, the good cause resulted from the failure to serve Lefkowitz in his home state.

**Plaintiff Would Not Be Prejudiced By Vacating The Default.**

Only a very short time has passed in this matter, and there has not been substantial delay that would prejudice the Plaintiff.  Further, all parties knew that the Defendants, including Lefkowitz intended to defend this matter.  Finally, the Plaintiff's claims are legally and factually meritless, and the Plaintiff cannot be prejudiced if its claims are treated as what they are – attempts to stretch the law to create an "oral guarantee" claim on behalf of a law firm well aware of the Statute of Frauds.

## CONCLUSION

WHEREFORE, Lefkowitz requests that this Honorable Court grant his Motion to Set Aside Default.

                    Respectfully Submitted,

                    /s/ Max J. Newman
                    Max J. Newman (P51483)
                    Butzel Long, a professional corporation
                    201 W. Big Beaver, Ste. 1200
                    Troy, MI  48084
                    248.258.2907
                    newman@butzel.com
                    Attorney for Lefkowitz

DATED:        July 13, 2023