# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

    Plaintiff,

v.

YESCARE , ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

    Defendants.

Case No: 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge: Kimberly G. Altman

---

| CHAPMAN LAW GROUP | BUTZEL LONG |
|---|---|
| Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | *Attorney for YesCare , Isaac Lefkowitz, and Scott King* |
| *Attorneys for Plaintiff* | 201 W. Big Beaver Rd., Suite 1200 |
| 1441 West Long Lake Rd., Suite 310 | Troy, MI 48084 |
| Troy, MI 48098 | (248) 258-2907 |
| (248) 644-6326 | newman@butzel.com |
| rchapman@chapmanlawgroup.com | |
| jlanesky@chapmanlawgroup.com | |

---

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR A JURY TRIAL

NOW COMES the above-named Plaintiff, Chapman & Associates, P.C. d/b/a Chapman Law Group (hereinafter "CLG"), by and through its counsel, Ronald W. Chapman, Sr., and brings this cause of action seeking legal and equitable relief against defendants for violation of section 15 U.S.C. § 45 et seg. and other listed causes of action.

1

## Introduction

1. This lawsuit involves causes of action against two defendants who were never clients of CLG. Bringing this lawsuit does require CLG to address and discuss aspects of its representation of clients who are not Defendants/parties in this litigation. CLG went to great lengths in this Complaint to limit any reference to client information to the bare minimum reasonably necessary to state a claim for relief. After this Complaint is filed, and assigned to a Judge, CLG plans to seek the issuance of an appropriate protective order that will permit it, in the future, to provide more detailed information, if necessary, in further filings under seal in whole or in part.

## Jurisdiction and Venue

2. Jurisdiction in this matter is proper under 28 U.S.C. § 1332 as complete diversity of citizens exists.

3. Plaintiff is a Professional Corporation incorporated in the state of Michigan, with its principal places of business in Michigan.

4. Defendant Isaac Lefkowitz is a resident of the state of New York with a resident address of 1528 56th St., Brooklyn NY 11219.

5. Defendant Scott King is a resident of Tennessee.

6. YesCare Corp. is a limited liability company organized in the state of Texas, with its principal place of business in Tennessee.

7. The amount in controversy exceeds $75,000.00.

8. Venue is proper under 28 U.S.C. §1391(b)(2) as a substantial part of the actions and omissions giving rise to Plaintiff's claims occurred in the Eastern District of Michigan.

## The Parties

9. The Plaintiff, Chapman & Associates, P.C. d/b/a Chapman Law Group, is a Michigan professional corporation doing business in Michigan.

10. The Defendant YesCare Corp is a Texas limited liability company.

11. The Defendant, Isaac Lefkowitz (hereinafter "Lefkowitz"), is a resident of the State of New York. He is the president of YesCare. Defendant Lefkowitz transacted business in Michigan (via ZOOM) with CLG on multiple occasions.

12. At all times herein Defendant Lefkowitz's actions were on behalf of himself and YesCare. Actions against Defendant Lefkowitz are brought in his personal capacity and his corporate/professional capacity as the president/agent of YesCare.

13. The Defendant, Scott King, Esquire, (hereinafter "King") is the corporation counsel for YesCare. This action is brought in his corporate/professional capacity only.

## Common Allegations

14. Chapman Law Group (hereinafter "CLG") has a long history of representing companies engaged in the delivery of health care services in

correctional facilities dating as far back as 1987.

15. From approximately 2011 until earlier this year, CLG had represented a client entity that was created as a result of the merger of two entities previously also represented by CLG.

16. CLG's representation of this client ("The Client") involved more than 100 pending litigation matters, some of which involved direct representation of The Client and some of which involved representing physicians/nurses/mid-level providers who were working for or with The Client.

17. On September 22, 2021, CLG notified The Client that accounts receivable were extremely high approximating One Million Dollars ($1,000,000) and that CLG intended to withdraw if not paid. A payment plan was started.

18. From April 28th to May 3rd of 2022, The Client changed its state of incorporation from Delaware to Texas and underwent a merger with its parent company and two of its subsidiaries. Immediately following the merger, the combined entity underwent a Texas divisional merger, splitting itself into two Texas entities. One entity "acquired all of the active business" and was assigned all of the employees of the prior entity; the other entity was assigned "all liabilities related to terminated contracts."

19. The entity assigned all the liabilities continued to be CLG's client, but the other entity with the active business became a wholly owned subsidiary of

YesCare Corp., (hereinafter "YesCare") a Texas corporation formed in January of 2022. YesCare thus "acquired all the active business" that previously belonged to CLG's Client, but YesCare did not become a client of CLG.

20. The apparent purpose and effect of the corporate restructuring was to separate corporate assets from corporate liabilities, placing the corporate assets with YesCare beyond the reach of CLG's client's (unsecured creditors), former employees to whom The Client owed duties of defense and indemnification.

21. Throughout all of this, CLG continued representing The Client to the best of its abilities. Problems continued to persist in terms of The Client not being able, or not being willing, to pay attorney fees and expenses owed to CLG.

22. Defendant Lefkowitz is the person that controls YesCare among other entities, and at all relevant times has been simultaneously acting for himself and YesCare.

23. At all times Defendant Lefkowitz simultaneously represented himself and YesCare.

24. After months of not paying fees, The Client, through Defendant Lefkowitz and Defendant King, agreed to make substantial payments of $260,000 per month for three (3) months and to begin paying all invoices no later than sixty (60) days from date of the invoice.

25. On June 24, 2022, CLG sent The Client a letter demanding payment

5

again and expressing frustration with The Client's refusal to pay its attorney fees.

26. On June 27, 2022, following receipt of the June 27, 2022, letter Defendant Lefkowitz called and assured CLG that YesCare and Lefkowitz personally would guarantee/pay all invoices for legal fees and expenses, as well as indemnify all current and former employees and independent contractor's consistent with normal business operations. Lefkowitz also agreed to begin making catch-up payments as consideration for CLG to not withdraw from its representations of The Client.

27. Defendant Lefkowitz stated CLG withdrawal as counsel in the approximately 100 plus open claims would cause catastrophic consequences to YesCare and the progress they were making in developing new business.

28. YesCare counsel Defendant King, knew that Defendant Lefkowitz was making these promises and supported/ratified them on behalf of YesCare.

29. On August 17, 2022, Defendant King was notified that payments were not being made as promised and that CLG was going to withdraw.

30. On August 18, 2022, a termination letter was drafted and delivered to Defendant King.

31. On August 19, 2022, Defendant King (employed by YesCare now) stated:

> "Ron, Prior to meeting with our PL team on the separation,
> I would like to schedule a call for us to talk and make sure

we fully understand your position with respect to the individual defendants. Also, while I respect your decision to withdraw, there may be ways *to provide you with sufficient assurances* (emphasis added) on The Client being capable of continuing to pay for defense and indemnity costs associated with these cases. Let me know if you have availability today for a call. Thanks. Scott".

32. Thereafter a ZOOM meeting took place at 2:30 p.m. on August 19, 2022. Attendees included multiple members of CLG, Defendant King, and Defendant Lefkowitz.

33. During that ZOOM meeting, CLG was provided with a number of promises and assurances that were intended to keep CLG representing The Client rather than withdrawing from approximately one hundred litigation matters. Those promises and assurances included:

   a. All clients of CLG (including employees, former employees, and independent contractors of The Client) would be indemnified and all past present and future CLG attorney fees and expenses would be paid and guaranteed by Defendants YesCare and Lefkowitz.

   b. Defendant Lefkowitz stated he would personally guarantee payment of all indemnity payments and attorney fees and expenses.

   c. Defendant Lefkowitz and Defendant King expressed deep concern if CLG withdrew that the ability of defendant YesCare to continue business would be significantly damaged, causing contracting counties and state correctional institutions to cancel existing contracts and causing pending negotiations with various states to be discontinued.

   d. Defendant Lefkowitz stated Defendant YesCare was about to land some significant contracts and needed CLG to stay on as counsel

7

and not notify CLG clients of the potential financial instability of The Client

e. Defendant Lefkowitz told a story to explain what the Texas two-step was and how the process was used to force plaintiffs into accepting lower settlements and why CLG should have no concerns for its fees/expenses or the indemnification of its clients.

  i. A person (Lefkowitz/YesCare) had a friend (The Client) that could not pay his creditors and needed money to continue business. The person (Lefkowitz/YesCare) loaned him some money to get him on his feet. The person (Lefkowitz/YesCare) told him that in the future every time a creditor called start babbling like a fool and the creditor will go away and you will save money. A year later the person (Lefkowitz/YesCare) called the friend (The Client) and said he wanted his money back and the friend (The Client) started babbling. The person (Lefkowitz/YesCare) then said you fool I taught you that trick now pay up.

  ii. Defendant Lefkowitz told this story to assure CLG that YesCare or him personally, had the money to pay all attorney fees and indemnity payments as needed.

f. CLG accepted the promise/agreement to pay all attorney fees past, present, and future and indemnity payments as needed assurance. CLG to its detriment relied on these assurances and continued working.

g. Without the promise/agreement/guarantee, CLG would not have continued as counsel and incur additional fees and expenses totaling Nine Hundred Fifty Thousand Dollars ($950,000) and growing.

h. Defendant Lefkowitz also stated, "The Client could have filed for bankruptcy three times over. Rest assured that we are not and will not file for bankruptcy."

32. On Feb. 14, 2023, The Client filed for bankruptcy.

33.   CLG sought advice of ethics counsel and filed motions to withdraw in all cases. Several of the motions remain pending.

34.   Counsel also sought the advice of ethics counsel prior to filing a complaint.

35.   Defendant Lefkowitz did not deny that he intentionally lied when he guaranteed that Defendant YesCare and Defendant Lefkowitz would indemnify all former employees and pay the CLG past present and future attorney fees and costs.

36.   Further Defendant Lefkowitz did not deny that he intentionally refused to accept a negotiated settlement of $700,000 in a pending federal lawsuit and forced the case to trial, causing CLG to incur over $128,000 in attorney fees and an excessively high verdict. The failure to pay the judgement caused and is causing significant harm to the defendant employees found liable.

### Count I
### Promissory Estoppel

37.   Allegations 1 through 36 are realleged as though fully set out word for word herein.

38.   Defendants YesCare, Lefkowitz, and King made a clear promise to pay all attorney fees and expenses past present and future by stating YesCare would pay and guaranteed by Defendant Lefkowitz.

39.   All parties were aware of the attorney's fees owed by virtue of receiving multiple emails and accounts receivable statements from CLG and monthly

9

statements uploaded to its attorney billing platform.

40. CLG relied on the promises to its detriment.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

## Count II
## Fraudulent Inducement and Negligent Misrepresentation

41. Allegations 1 through 40 are realleged as though fully set out word for word herein.

42. Defendants YesCare, Lefkowitz, and King intentionally misrepresented and/or intentionally or negligently omitted material facts of financial insolvency or reasonable potential insolvency or intent to file bankruptcy that influenced the judgment of CLG and their acceptance of the assurance of payment.

43. The false representation related to a past and existing fact.

44. The Defendants YesCare, Lefkowitz, and King made the representation knowing it was false and with the intent to induce/deceive CLG to continue to provide legal services.

45. CLG agreed to provide legal services by justifiably relying on the misrepresentations and deceitful statements made by Defendants YesCare, Lefkowitz, and King.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

## Count III
## Unjust Enrichment

46. Allegations 1 through 46 are realleged as though fully set out word for word herein.

47. Defendants YesCare, Lefkowitz, and King promised to pay all past present and future legal fees incurred defending The Client and its employees.

48. CLG relied on the promises.

49. Defendants YesCare, Lefkowitz, and King knew their statements would induce CLG to accept the assurances and continue working to its detriment.

50. CLG conferred a benefit on YesCare and Lefkowitz by not withdrawing which in Defendants YesCare, Lefkowitz, and King own words would have caused significant damage to YesCare current and future business ventures. Several times Lefkowitz made statements to CLG President Ronald W. Chapman, Sr. that CLG services were necessary without which his plan to grow YesCare would fail.

51. CLG relied on the promises to its detriment.

52. Defendants YesCare, Lefkowitz, and King were aware that CLG was incurring significant attorney fees and expenses on a monthly basis. They also knew that CLG was required to advance tens of thousands of dollars in expert and other fees all while knowing that CLG would not be reimbursed.

53. It would be unjust and inequitable to allow Defendants YesCare, Lefkowitz, and King to not be required to pay the full fees/expenses and other

damages. YesCare, having a market capitalization exceeding $350,000,000 took advantage of a medium size law firm knowing that under attorney ethical rules it could not simply stop working.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

### Count IV
### Conversion
### MCL 600.2919a(1)(a)
### And Common Law

54. Allegations 1 through 53 are realleged as though fully set out word for word herein.

55. CLG has a right to possession of over $845,000 fees and expenses, incurred through use of CLG's attorney's work product and intellectual property to defend what amounted to YesCare Insureds.

56. Defendants YesCare, Lefkowitz, and King intentionally interfered with the possession of attorney fees and expenses and converted CLG's intellectual property and attorney work-product to their own use by promising and guaranteeing to pay CLG fees in exchange for continued engagement as counsel; allowing Defendants to continue to market and obtain new business misappropriating CLG labor and investment to their benefit.

57. CLG was deprived of the possession of said property.

58. Defendants YesCare, Lefkowitz, and King took the intellectual

property and work product of CLG and used it to benefit YesCare by shielding it from ongoing litigation for which YesCare was financially responsible.

WHEREFORE, your Plaintiff, CLG, prays this Court award all allowable damages under the Michigan law including actual damages and attorney fees.

## DEMAND FOR JURY TRIAL

Your plaintiff, CLG, demands a trial by jury.

WHEREFORE, your Plaintiff, CLG, prays this Honorable Court find Defendants liable for all allegations (Counts I through V) and award compensatory damages in the amount of Eight Hundred Forty-Five Thousand Dollars ($845,000), treble damages, attorney fees, prejudgment and post judgment interest, pain and suffering caused by the intentional financial strain knowingly and callously placed on CLG and punitive damages.

Respectfully submitted,<br>
CHAPMAN LAW GROUP

Dated: August 2, 2023

/s/Ronald W. Chapman Sr.
Ronald W. Chapman Sr., M.P.A., LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Plaintiff
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com