UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHAPMAN & ASSOCIATES, P.C. d/b/a CHAPMAN LAW GROUP,<br><br>    Plaintiff,<br><br>v.<br><br>YESCARE, ISAAC LEFKOWITZ (individually and corporate capacity), and SCOTT KING (corporate capacity only),<br><br>    Defendants. | Case No. 2:23-cv-11210- BAF-KGA<br>Judge Bernard A. Friedman<br>Magistrate Judge Kimberly G. Altman |

| | |
|---|---|
| Ronald W. Chapman Sr. (P37603)<br>Jonathan C. Lanesky (P59740)<br>1441 West Long Lake Rd., Ste. 310<br>Troy, MI 48098<br>248.644.6326<br>rchapman@chapmanlawgroup.com<br>jlanesky@chapmanlawgroup.com<br>Attorney for Plaintiff | Max J. Newman (P51483)<br>Butzel Long, a professional corporation<br>201 W. Big Beaver Road, Ste. 1200<br>Troy, MI 48084<br>248.258.2907<br>newman@butzel.com<br>Attorneys for Defendants |

### REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT[1]

    Defendant Isaac Lefkowitz respectfully submits this reply in support of his Motion to Set Aside Entry of Default. (DE 9). It is clear – and undisputed -- that Mr. Lefkowitz has not been personally served in this matter, and Plaintiff's effort to maintain some sort of sanction against Mr. Lefkowitz in his "corporate capacity" or "official capacity" is confusing and unsupported in law. The default currently entered against Lefkowitz, which is general and makes no distinction as to

---

[1] The Plaintiff has filed an Amended Complaint on August 2, 2023. The case law instructs that, due to the filing of the Amended Complaint, the Plaintiff's request for default against Defendant Lefkowitz is mooted and the default should be set aside. *See, Jefferson v. United Car Co.,* 2015 U.S. Dist. Lexis 75393, *9-10 (E.D. Mich. June 11, 2015). This reply had largely been completed by the time the Amended Complaint was filed, and is filed in the event that the Plaintiff does not withdraw its response to the Motion to Set Aside Default.

1

the "capacity" in which Lefkowitz has been sued, is completely inappropriate and should be set aside. To the extent any response to the complaint was required in Lefkowitz's "corporate" capacity or "official" capacity, such action was timely taken when YesCare filed its Motion to Dismiss.

A brief reset of the timeline would be appropriate. Plaintiff, a disgruntled law firm seeking recovery of fees allegedly owed by a bankrupt client, filed a federal lawsuit against non-clients of the firm on May 22, 2023.[2] The Court issued three summonses – one to YesCare Corp., one to Isaac Lefkowitz, and one to Scott King. (DE 2.) The summonses do not make a distinction between the "capacity" in which Plaintiff purports to sue each of the Defendants. There is one summons issued to Lefkowitz, and it is indisputable that such summons has never been personally served on Lefkowitz.

The Defendants other than Lefkowitz waived service, and the waiver was filed on June 1, 2023. (DE 3-4.) On June 5, 2023, Plaintiff filed a "Proof of Service" that claimed that the "Summons and Complaint were served on Defendants YesCare, Isaac Lefkowitz, and Scott King by U.S. Postal Service Certified Mail." (DE 5 at 1.) The Proof of Service makes no distinction with regard to "capacities." (*Id.*) The attached "green card" is addressed to only "YesCare Corp". (DE 5 Ex. 1 at 2.)

Despite the knowing absence of any personal service on Lefkowitz, on July 6, 2023, Plaintiff filed a Request for Clerk's Entry of Default, seeking a default against "Isaac Lefkowitz

---

[2] In his response to this Motion, Plaintiff says "Chapman Law Group ("CLG") brings the present lawsuit to be made whole for legal services rendered to its *clients*," which is a notable use of the plural form, given that Plaintiff has pleaded that Defendants were not clients of the Chapman firm, and being clients of the firm would be news to these Defendants. (DE 12 at 18)(emphasis added). Defendants assume this usage is a typo.

2

(in his official capacity)," presumably claiming that the green card sent to YesCare's registered agent was sufficient to serve Lefkowitz "in his official capacity."[3] (DE 7 at 1.)

Based on Plaintiff's representations, the Clerk entered default against "Party in Default: Isaac Lefkowitz" the same day. (DE 8). The Clerk made no distinction based on capacities, potentially taking Plaintiff at its word from the Proof of Service that it had served Lefkowitz – the individual – with the Complaint when it had not.

On July 13, 2023, Lefkowitz moved to set aside the default, noting that he had not been served with the Complaint in this case and that he had valid defenses to the Complaint. (DE 9.) On July 24, 2023, the other Defendants moved to dismiss the Complaint, noting that while the service of process issue was outstanding, the arguments for dismissal apply equally to Lefkowitz and all Defendants should be dismissed from the case. (DE 11). On July 26, 2023 Plaintiff filed its response to the Motion to Set Aside Default. (DE 12.)

Plaintiff does not contend that it has personally sued Lefkowitz. Rather, Plaintiff claims that because it served YesCare, Lefkowitz's employer, and because he sued Lefkowitz in his "corporate capacity" – in addition to his personal capacity – service on YesCare was sufficient to trigger Lefkowitz's responsibility to respond to the Complaint.

The main case Plaintiff relies upon -- *T.J. v. Franklin Indep. Schs*, 2018 U.S. Dist. LEXIS 145329 *10 (E.D. Ky 2018) – is a completely different case. First of all, in that case, the defendant was moving to dismiss based on improper service. Here, the defendant is moving to set aside the default. The standard for relief is completely different, with courts strongly disfavoring the "drastic" remedy of default or default judgment. *Ocwen Loan Servicing LLC v. Heiberg*, 2019 U.S.

---

[3] Notably, Lefkowitz is not even named "in his official capacity" in this case. In the caption, the Complaint sues him "individually and corporate capacity." (DE 1.)

Dist. 44797 (E.D. Tex. Feb. 14, 2009)("default judgments are generally disfavored in the law, resorted to by courts only in the most extreme situations and should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.")(citations and quotations omitted); *Williams v. Barberton City Sch. Dist. Bd. of Educ.*, 2012 U.S. Dist. LEXIS 4598, *3 (N.D. Ohio Jan. 13, 2012)("Defaults are generally disfavored by the courts in favor of resolving disputes on the merits. It is hornbook law that the law disfavors defaults. When any doubt exists as to whether a default should be entered or vacated, doubt should be resolved in favor of the allegedly defaulting party in the interest of resolving conflicts on the merits.") (citations and quotations omitted).

Moreover, in the *T.J. v. Franklin Indep. Schools* case that Plaintiff relies on, the defendant – a public employee -- argued that he was not properly served with the complaint, and the court – after considering the delicate nuances of Kentucky law related to serving public employees – concluded that the defendant had been properly served in his official capacity – but not his personal capacity – under that law. *Id.* That case does not remotely stand for the proposition that, as Plaintiff puts it, "proper service on the corporation suffices proper service on the agents in their official capacity." (DE 12 at 3.) The relevant cases Plaintiff cites all arise in the context of context of suits against government agents where the agent had argued moved for dismissal on the grounds that he had not been served, and the Court held – indeed, the agent had not been served personally but service complied with the relevant state law on serving governmental officials in their official capacities. *See also King v. Taylor*, 694 F.3d 650,655 (6th Cir. 2012)

Plaintiff comes forward with no law suggesting that service on a company is sufficient to serve an employee of the company or that sticking the words "sued in his corporate capacity" or "sued in his official capacity" in the caption of the complaint thereby makes service on the

4

company binding on the employee of that company.  Ultimately, Plaintiff is trying to play a game of "gotcha" – serving a corporate defendant with a lawsuit and then claiming that because the caption said an employee of the corporate default was sued in his "corporate capacity" such defendant was in default.  Indeed, similar efforts have been rebuked.  *Lucas v. Desilva Auto Servs.*, 2017 U.S. Dist. 7102, *7 (S.D. Ohio Jan. 18, 2017)("Plaintiff's attempt to serve multiple Defendants by addressing one envelope to a single individual [without identifying the company or capacity in which service is sought on the envelope] unnecessarily confuses the validity of service in a manner that will not be pre-authorized by this Court.")

Moreover and crucially, even if service on YesCare was somehow sufficient to serve Lefkowitz in his "official" capacity or "corporate capacity," it is well recognized that "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity . . ." *King*, 694 F.3d at 656 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  In *King*, the Sixth Circuit held that a government employee had not waived a service of process defense when that employee – in his official capacity – did not raise a service of process motion in his initial response to the complaint because "the motion was made expressly in [the employee's] official capacity. Therefore, it was effectively the Commonwealth's motion."  *Id; see also Wright v. Curry*, 2021 U.S. LEXIS 203664, *5 (N.D. Ga. June 10, 2021)("although state officials literally are 'persons,' a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")

Thus, to the extent Plaintiff's case law is instructive on any relevant point, it is that Plaintiff's claims against Defendant Lefkowitz "in his corporate capacity" or "in his official capacity" are claims that are effectively against YesCare, which has already waived service and responded to the Complaint.

5

The natural conclusion from this case law is that the default against Lefkowitz in his "official capacity" is a default against YesCare, which is nonsensical given that YesCare has timely responded to the Complaint.  In fact, it would be much more appropriate to simply dismiss the "corporate" or "official" capacity claims against Lefkowitz (and Scott King, who is only named in his "corporate capacity") than to enter some sanction against "corporate capacity" Lefkowitz for not separately responding to the Complaint when YesCare was served with it.  *Ayissi-Etoh v. Fannie Mae*, 49 F. Supp. 3d 9, (D.D.C. 2014)("Official-capacity claims do not grant Plaintiff access to any relief that would be unavailable from suing only Fannie Mae, and they needlessly increase the complexity of the case. Dismissing the redundant individual Defendants and focusing the inquiry on Fannie Mae would benefit both sides by streamlining the litigation and preventing any potential confusion of the jury."); *Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 125 (D.D.C. 2012) ("Based upon the understanding that it is duplicative to name both a government entity and its employees in their official capacity, courts routinely dismiss claims against the officials to conserve judicial resources when the entity itself is also sued.") (internal quotation marks and citation omitted).

Circling back to the basic, settled law regarding setting aside defaults, this Court "enjoys considerable latitude" and discretion when evaluating whether to set aside a default for "good cause" under Federal Rule of Civil Procedure 55(c). *Waifersong Ltd. V. Class Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).  Among the factors the Court should consider is whether the plaintiff would be prejudiced, whether the defendant has a meritorious defense, and whether the defendant has engaged in culpable conduct.  *Kim v. City of Ionia*, 2021 U.S. App. LEXIS 23754, *5 (6th Cir. Aug. 10, 2021)(citing *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).

6

Here, the Plaintiff would not be prejudiced at all by setting aside the default; this case is in its earliest stages, and there is no daylight between the arguments made by YesCare in its Motion to Dismiss and the arguments that Defendant Lefkowitz – in his corporate capacity – would make. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001)("[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered.") There is nothing about setting aside the default that would hinder Plaintiff.

As to the meritorious defense elements, those have all been explained in previous briefing on this motion and in the Motion to Dismiss. As all Defendants have shown, there are myriad significant issues with Plaintiff's complaint on procedural and substantive grounds. And finally, the defendant has not engaged in anything resembling culpable conduct. *See Shepard Claims Serv. Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)("To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.") Defendant Lefkowitz simply has not been served with the Complaint, and serving his employer does not obligate him to do anything, particularly when his employer has responded to the Complaint.

The Court should set aside the default against Defendant Lefkowitz and, to the extent the case is not otherwise dismissed, the Court should strongly consider eliminating the risk of potential further confusion and waste of judicial resources by dismissing the redundant and confusing "corporate capacity" claims against Defendants Lefkowitz and King, leaving Defendant YesCare and Defendant Lefkowitz in his personal capacity (pending proper service of the Complaint).[4]

---

[4] Another reasonable alternative would be to set aside the default and deem "corporate capacity" Lefkowitz to have responded to the Complaint through YesCare's Motion to Dismiss,

7

## CONCLUSION

For all the reasons stated herein, Defendants respectfully request that the Court set aside the default entered against Defendant Lefkowitz.

Respectfully submitted,

_____

Max J. Newman (P51483)
Butzel Long, a professional corporation
201 W. Big Beaver, Ste. 1200
Troy, MI 48084
248.258.2907
newman@butzel.com
Attorney for Lefkowitz

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, the foregoing was electronically filed via the Court's electronic filing system, which is expected to serve notice of such filing on counsel of record as indicated below.

Ronald W. Chapman, Sr.
Jonathan C. Lanesky
Devlin K. Scarber
CHAPMAN LAW GROUP
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
dscarber@chapmanlangroup.com

*Counsel For Plaintiff Chapman & Associates, P.C.*
*d/b/a Chapman Law Group*

s/ _____

9

IBUTZEL\000161681\0001\100383346.v1-8/3/23