## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

      Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

      Defendants.

Case No: 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge: Kimberly G. Altman

---

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
*Attorneys for Plaintiff*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

BUTZEL LONG
Max J. Newman (P51483)
*Attorney for YesCare, Isaac Lefkowitz,*
*and Scott King*
201 W. Big Beaver Rd., Suite 1200
Troy, MI 48084
(248) 258-2907
newman@butzel.com

---

### PLAINTIFF CHAPMAN LAW GROUP'S RESPONSE TO DEFENDANTS SCOTT KING AND YESCARE CORP.'S MOTION TO DISMISS.

NOW COMES Plaintiff CHAPMAN LAW GROUP, ("CLG") by and through its undersigned counsel, and for its Response to Defendants Scott King and YesCare Corp's Motion to Dismiss, states as follow:

Defendants Scott King and YesCare Corp. filed their Motion to Dismiss on July 24, 2023, as their first responsive pleading. (**ECF No. 11**). Defendants' Motion

1

argued Dismissal was appropriate as no private right of action Under the Unfair Deceptive Practices Act. (***Id.* at PageID.61**). Therefore, Defendants argue the Court lacks federal question jurisdiction as alleged in Plaintiff's original Complaint. Defendants then argue that in light of the lack of federal question jurisdiction the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (**PageID.62-63**). Additionally, Defendants King and YesCare's motion sought specific dismissal of Plaintiff's state law unfair practices claim and state law conversion claim. (**PageID.65-67**).

Under Fed. R. Civ. P. 15(a)(1)(B) a party may amend their Complaint as a matter of course "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Pursuant to Fed. R. Civ. P. 15(a)(1)(B), on August 2, 2023, nine (9) days after Defendants' Rule 12(b)(6) motion, Plaintiff filed its First Amended Complaint. (**ECF No. 14**). Plaintiff's First Amended Complaint specifically addressed the issues raised by Defendants' Motion to Dismiss:

- Plaintiff removed both the state and federal unfair practices act claims.

- Plaintiff amended the jurisdiction and venue section to properly allege the Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332 as complete diversity of citizens exists between Plaintiff and Defendants. (***Id.* at PageID.168-169**).

- Plaintiff amended the Michigan State Law Conversion claims to properly reflect claims of conversion of intellectual property and attorney work-product. (**PageID.178-179**).

2

## <u>LAW AND ARGUMENT</u>

When a motion to dismiss is directed at an original complaint, and an amended complaint is filed, the amended complaint becomes the operative complaint rendering the motion to dismiss moot. *Lacroix v. SGT DEA*, 2023 U.S. Dist. LEXIS 81978, *5 (E.D. MI May 10, 2023); *See also Sigetich v. Kroger Co.,* 2022 U.S. Dist. LEXIS 131590, *3-*4 (S.D. OH July 22, 2022):

> As such, the filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Hartman*, 2007 U.S. Dist. LEXIS 21175, 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint)); *Pethel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 U.S. Dist. LEXIS 60105, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"); *Hibbets v. Lexington Ins. Co*., No. 07-5169, 2008 U.S. Dist. LEXIS 9540, 2008 WL 373608, at *1 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint.").
>
> In the instant case, the amended complaint is not "substantially identical" to the original complaint because it specifically addresses the issues raised in Defendants' motion to dismiss and adds new factual allegations. Based on the foregoing, Defendants' motion to dismiss the original complaint (Docs. 22, 24) is herein DENIED as MOOT.

Here, in response to Defendants King and YesCare's motion, Plaintiff filed an Amended Complaint directly addressing the issues raised by Defendants. Accordingly, Plaintiff's First Amended Complaint supersedes the original complaint and is the current operative complaint, rendering Defendants' motion Moot. As noted above, Plaintiff eliminated its unfair deceptive practices act claims and re-alleged the basis for the court to exercise subject matter jurisdiction based on diversity of citizens. That amendment directly addresses Defendants' main ground for dismissal as well as their sub arguments A and C. Since subject matter jurisdiction under Plaintiff's First Amended Complaint is based on diversity of citizens and not federal question, Defendants' arguments regarding supplemental jurisdiction are also moot. Finally, Plaintiff amended its conversion claim to properly reflect the property converted, intellectual property and attorney work product, which is recognized as convertible under Michigan Law. *See Armstrong v. O'Hare*, 2014 Mich. App. LEXIS 736, *12-*13 (April 22, 2014)

> The court opined that intellectual property may, in some instances, be converted and thus give rise to a conversion cause of action. *Id*. at 618. It stated, '[a]lthough an idea alone cannot be converted, the 'tangible expression or implementation of that idea' can be', i.e., the copyrighted and trademarked website. *Id*.

> What these two cases demonstrate and clearly have in common is that intangible property that may give rise to a conversion cause of action is that property which arises from an independent, unique idea and is expressed or developed into a useful form.

4

As such, Defendants' arguments regarding state law conversion are also mooted by Plaintiff's First Amended Complaint.

WHEREFORE Plaintiff CHAPMAN LAW GROUP, respectfully requests this Honorable Court DENY Defendants King and YesCare's motion to dismiss as moot and grant such other relief as the court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: August 8, 2023

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Attorneys for Plaintiff
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on August 8, 2023, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

5