# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHAPMAN & ASSOCIATES, P.C.,
d/b/a CHAPMAN LAW GROUP,

       Plaintiff,

Case No. 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge:  Kimberly G. Altman

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

       Defendants.

_____/

| | |
|---|---|
| Ronald W. Chapman Sr. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | Butzel Long, a professional corporation |
| 1441 West Long Lake Rd., Ste. 310 | 201 W. Big Beaver Rd., Ste. 1200 |
| Troy, MI  48098 | Troy, MI  48084 |
| 248.644-6326 | 248.258.2907 |
| rchapman@chapmanlawgroup.com | newman@butzel.com |
| jlanesky@chapmanlawgroup.com | Attorney for Defendants |
| Attorney for Plaintiff | |

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants, YesCare Corp., Isaac Lefkowitz and Scott King[1] (collectively, "Defendants") answer Plaintiff's First Amended Complaint (the "Amended Complaint") and state:

---

[1] Scott King has been sued in his corporate capacity only.  Accordingly, this is the same as suing YesCare Corp, the only corporate entity named in this action.  However, this Answer is filed on

**Introduction**

1.      Paragraph 1 is a compound statement of intention to which no response may be required.  To the extent that paragraph 1 makes factual allegations, Defendants respond as follows:  (a)  Defendants admit that this cause of action is brought by a law firm seeking payment of its legal fees, but is brought against parties – ostensibly against 3 defendants (not 2) -- who were never clients of Plaintiff. To the extent that Plaintiff has sued Scott King and/or Isaac Lefkowitz a defendant in a "corporate capacity" Plaintiff introduces confusion and Courts have recognized that this muddles the record.  If Plaintiff is suing individuals, Plaintiff should say so.  If Plaintiff is suing only corporate entities, Plaintiff should specifically state that this is so; (b) Defendants deny as untrue that this lawsuit requires Plaintiff to address and discuss aspects of its representation of clients who are not Defendants/parties to this action;  (c) Defendants neither admit nor deny that Plaintiff went to great lengths to limit references to client information for lack of information; (d) Defendants state that Plaintiff's future intentions are speculative and do not require a response at this time.  To the extent a response is required, Defendants neither admit nor deny Plaintiff's intentions for lack of information.

---

behalf of Mr. King solely to prevent the Plaintiff from seeking a default against a party that they have not actually sued.

## Jurisdiction and Venue

2. Defendants admit that the Court has jurisdiction over this matter.

3. Defendants neither admit nor deny the allegations of paragraph 3 for lack of information.

4. Defendants admit that Isaac Lefkowitz is a resident of the State of New York.

5. Defendants admit that Scott King resides in Tennessee. Defendants deny that Scott King, an individual, is a defendant in this case, as he has been sued in his "corporate capacity only."

6. Defendants deny the allegations contained in paragraph 6 as untrue. YesCare Corp. is a corporation, not a limited liability company.

7. Defendants admit that Plaintiff seeks more than $75,000 in damages in this lawsuit.

8. Defendants admit that this Court is a proper venue for this case.

## The Parties

9. Defendants neither admit nor deny the allegations contained in paragraph 9 for lack of information.

10. Defendants deny the allegations contained in paragraph 10 as untrue. YesCare Corp. is a corporation, not a limited liability company.

11. Paragraph 11 contains compound allegations. Defendants admit that Lefkowitz is a resident of the State of New York. Defendants deny that Lefkowitz is the president of YesCare. Defendants admit that Lefkowitz, on behalf of Corizon Health, n/k/a Tehum Care Services, Inc. ("Tehum"), engaged in professional conversations with Plaintiff's representatives who were apparently located in Michigan. To the extent that the Complaint alleges other business connections between Lefkowitz and the State of Michigan, those allegations are denied as untrue.

12. Defendants deny the compound allegations contained in paragraph 12 as untrue. Defendants admit that Plaintiff has styled its Complaint against Lefkowitz in his "personal capacity and his corporate/professional capacity as the president/agent of YesCare." A "corporate capacity" suit against an employee of a Company is a suit against the Company and courts appropriately dismiss corporate capacity claims against individual employees. Defendants deny that (a) Lefkowitz took any action in this matter other than in his capacity as an agent, and (b) Lefkowitz took any action in this matter as an agent of YesCare.

13. Defendants deny the compound allegations in paragraph 13 as untrue. Scott King is an Executive Vice President and Chief Legal Officer at Defendant, YesCare. Defendants admit that Plaintiff has styled its Complaint against King variously as in his "corporate capacity" or in his "corporate/professional capacity only." A "corporate capacity" suit against an employee of a company is a suit against

the company and courts appropriately dismiss corporate capacity claims against individual employees. The case law demonstrates that this is a suit is against YesCare, not King, and thus Mr. King should not be identified as a Defendant, in any capacity, in this case.

## Common Allegations

14. Defendants neither admit nor deny the allegations contained in paragraph 14 because the allegations are vague and ambiguous, and Defendants lack the information to respond to the allegations.

15. Defendants neither admit nor deny the allegations contained in paragraph 15 because the allegations are vague and ambiguous, and Defendants lack the information to respond to the allegations.  Defendants admit that Plaintiff represented Tehum, and knew that Tehum was a corporate entity.

16. Defendants neither admit nor deny the allegations contained in paragraph 16 because Defendants lack the information to respond to the allegations.

17. Defendants admit that the Plaintiff had communications with Tehum representatives with regarding to amounts owed to Plaintiff, and that Tehum arranged certain payments to Plaintiff, despite Tehum's substantial financial difficulties.  To the extent that paragraph 17 makes additional allegations, they are denied as untrue.

18. Paragraph 18 contains compound allegations. Defendants admit that Tehum was involved in corporate transactions permitted by Texas law during the period stated. However, Defendants deny the allegations contained in paragraph 18 as untrue in the form stated.

19. Defendants deny the allegations contained in paragraph 19 as untrue in the form stated. Defendants admit that Tehum remained the Plaintiff's client. Defendants further admit that YesCare never became a client of the Plaintiff.

20. Defendants deny the allegations contained paragraph 20 as untrue.

21. Defendants deny the allegations contained in paragraph 21 as vague and ambiguous and untrue in the form stated. Defendants admit that Tehum did not pay all amounts it owed to Plaintiff.

22. Defendants deny the allegations contained in paragraph 22 as untrue.

23. Defendants deny the allegations contained in paragraph 23 as untrue.

24. Defendants admit that Plaintiff had that communications with representatives of Tehum with regard to accounts owed by Tehum to Plaintiff and that Tehum worked, despite substantial financial difficulties, to arrange payments for Plaintiff's services. To the extent that paragraph 24 makes additional allegations, they are denied as untrue.

25. Defendants admit that Plaintiff sent correspondence demanding payment. The remainder of the allegations contained in paragraph 25 reflect the

Plaintiff's mental state and Defendants neither admit nor deny those allegations for lack of information.

26. Defendants deny the allegations contained in paragraph 26 as untrue.

27. Defendants deny the allegations contained in paragraph 27 as untrue.

28. Defendants deny the allegations contained in paragraph 28 as untrue.

29. Defendants admit that Plaintiff had communications with Tehum and its representatives, including Mr. King, and that the Plaintiff threatened to withdraw as counsel for Tehum.  Defendants further admit that Tehum worked, despite its financial situation, to make payments to Plaintiff.  Defendants deny any remaining allegations contained in paragraph 29 as untrue.

30. Defendants deny the allegations contained in paragraph 30 in the form stated, but admit that on or about August 18, 2022, a letter from Plaintiff was delivered to Tehum that again threatened to withdraw from representation of Tehum if Tehum did not promptly pay Plaintiff.

31. In response to the compound allegations of paragraph 31, Defendants state: (i) the email speaks for itself and no response is required, and (ii) the allegation that the email was sent by or on behalf of YesCare is untrue.

32. Defendants admit that a call occurred on August 19, 2022 between some of the parties stated.  To the extent that paragraph 32 makes additional allegations, they are denied as untrue.

33. The Defendants deny the allegations contained in paragraph 33 as untrue. Specifically,

    a. Paragraph 33(a) is denied as untrue;

    b. Paragraph 33(b) is denied as untrue.

    c. Paragraph 33(c) is denied as untrue.

    d. Paragraph 33(d) is denied as untrue.

    e. Paragraph 33(e) is denied as untrue.

    f. Paragraph 33(f) is denied as untrue.

    g. Paragraph 33(g) is vague and ambiguous, and is denied as untrue.

    h. Paragraph 33(h) is denied as untrue.

32. This is the second paragraph 32. Defendant admits the allegations contained in paragraph 32.

33. Defendant neither admits nor denies the allegations contained in the second paragraph 33 for lack of information.

34. Defendant neither admits nor denies the allegations contained in paragraph 34 for lack of information.

35. The allegation contained in paragraph 35 is vague and ambiguous. To the extent that there are comprehensible allegations of fact made in paragraph 35, they are denied as untrue.

36.  The allegation contained in paragraph 36 is vague and ambiguous. To the extent that there are comprehensible allegations of fact made in paragraph 36, they are denied as untrue.

## Count I

### Promissory Estoppel

37.  Defendants incorporate their responses to paragraphs 1-36.

38.  Defendants deny the allegations contained in paragraph 38 as untrue.

39.  Defendants deny the allegations contained in paragraph 39 as untrue.

40.  Defendants deny the allegations contained in paragraph 40 as untrue.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff and granting Defendants such other relief as is just and equitable.

## Count II

### Fraudulent Inducement and Negligent Misrepresentation

41.  Defendants incorporate their responses to paragraphs 1-40.

42.  Paragraph 42 is vague and ambiguous, specifically as to what insolvency Plaintiff refers. To the extent that paragraph 42 makes allegations about the Defendants, the allegations are denied as untrue.

43.  Paragraph 43 is vague and ambiguous. To the extent that paragraph 43 makes allegations about the Defendants, the allegations are denied as untrue.

44. Paragraph 44 is vague and ambiguous. To the extent that paragraph 44 makes allegations about the Defendants, the allegations are denied as untrue.

45. Defendants deny the allegations contained in paragraph 45 because they are untrue.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff and granting Defendants such other relief as is just and equitable.

### Count III

### Unjust Enrichment

46. Defendants incorporate their responses to paragraphs 1-45.

47. Defendants deny the allegations contained in paragraph 47 because they are untrue.

48. Defendants deny the allegations contained in paragraph 48 because they are untrue.

49. Defendants deny the allegations contained in paragraph 49 because they are untrue.

50. Defendants deny the allegations contained in paragraph 50 because they are untrue.

51. Defendants deny the allegations contained in paragraph 51 because they are untrue.

52. Defendants deny the allegations contained in paragraph 52 because they are untrue.

53. Defendants deny the allegations contained in paragraph 53 because they are untrue.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff and granting Defendants such other relief as is just and equitable.

## Count IV

### Conversion MCL 600.2919(a)(1)(a) and Common Law

54. Defendants incorporate their responses to paragraphs 1-53.

55. Defendants deny the allegations contained in paragraph 55 because they are untrue.

56. Defendants deny the allegations contained in paragraph 56 because they are untrue.

57. The allegations contained in paragraph 57 are vague and ambiguous, as it is unclear if they are referring to work product and intellectual property or a sum of cash. To the extent that there are cognizable allegations made in paragraph 57, Defendants deny the allegations contained in paragraph 57 because they are untrue.

58. Defendants deny the allegations contained in paragraph 58 because they are untrue.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff and granting Defendants such other relief as is just and equitable.

Respectfully submitted,

   */s/ Max J. Newman*   .
Max J. Newman (P51483)
Butzel Long, a professional corporation
201 W. Big Beaver Rd., Ste. 1200
Troy, MI 48084
248.258.2907
newman@butzel.com
Attorney for Defendants

**AFFIRMATIVE DEFENSES:**

1. **Failure To State A Claim – Negligent Misrepresentation**:

Plaintiff has not plead allegations sufficient to make a claim for negligent misrepresentation. Specifically, Plaintiff has not plead any duty owed by Defendants to Plaintiff.

2. **Failure To State A Claim – Conversion:**

Plaintiff has not plead allegations sufficient to make a claim for conversion. Specifically, Plaintiff has never plead that Defendants possessed any "attorney work-product or intellectual property," nor has Plaintiff shown how Defendants have or could wrongfully deprive Plaintiff of its possession of such intangible assets. Plaintiff's conversion claim is simply a breach of contract claim against its client, Tehum.

3. **Unclean Hands:**

Plaintiff asserts claims in equity, yet it comes before the Court will unclean hands. By its own allegations, Plaintiff threatened his client with withdrawal in more than 100 active cases, knowing such an event would have considerable consequences for the financially troubled client and individual defendants. Even if the allegations in the Amended Complaint are true, which Defendants dispute, Plaintiff's improper conduct militates against any relief.

4. **Agent/Principal:**

Any statements made by the individual defendant were made by and on behalf of Tehum, Plaintiff's client.

5. **Corporate Capacity**:

Any personal claims against Scott King fail because he is sued only in his corporate capacity as an employee, and, as such, only his employer would be liable.

6. **Lack of Reliance:**

Plaintiff claims damages of $845,000 in its prayer for relief. However, Plaintiff alleges that the amount owed to the Plaintiff prior to any alleged fraudulent representations was approximately $1,000,000. Accordingly, any representations about payments were not false, and Plaintiff did not reasonably rely on any such representations.

7. **Failure to State a Claim – Punitive Damages:**

Michigan law does not permit a claim for punitive damages unless expressly permitted by statute, nor has Plaintiff stated any facts that would justify a claim for exemplary damages.

WHEREFORE, Defendants request that the Court enter judgment in their favor and against Plaintiff and granting Defendants such other relief as is just and equitable.

Respectfully submitted,

___/s/ Max J. Newman___.
Max J. Newman (P51483)
Butzel Long, a professional corporation
201 W. Big Beaver Rd., Ste. 1200
Troy, MI 48084
248.258.2907
newman@butzel.com
Attorney for Defendants