# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

    Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

    Defendants.

Case No: 2:23-cv-11210
District Judge: Bernard A. Friedman
Magistrate Judge: Kimberly G. Altman

---

| | |
|---|---|
| CHAPMAN LAW GROUP | BUTZEL LONG |
| Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | *Attorney for YesCare, Isaac Lefkowitz, and Scott King* |
| Nicholas B. Pillow (P83927) | 201 W. Big Beaver Rd., Suite 1200 |
| *Attorneys for Plaintiff* | Troy, MI 48084 |
| 1441 West Long Lake Rd., Suite 310 | (248) 258-2907 |
| Troy, MI 48098 | newman@butzel.com |
| (248) 644-6326 | |
| rchapman@chapmanlawgroup.com | |
| jlanesky@chapmanlawgroup.com | |
| npillow@chapmanlawgroup.com | |

---

## PLAINTIFF CHAPMAN LAW GROUP'S EMERGENCY MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

NOW COMES Plaintiff, CHAPMAN LAW GROUP, by and through the undersigned counsel, and for its Emergency Motion to Compel Discovery From Defendants, states as follows:

1.      On December 18, 2023, this Honorable Court issued the initial Scheduling Order in this matter, (**ECF No. 22**).

2.      On December 20, 2023, Plaintiff served its first set of discovery requests on Defendants. (**Exhibit A**). Plaintiff's discovery requests sought in pertinent part production of communications and documents related to the following:

- a.  Scott King
  - i.  Search terms
    1.  Chapman
    2.  Chapman Law Group
    3.  Bankruptcy
    4.  Attorney fees
    5.  Michigan
    6.  Bankruptcy counsel
    7.  Chapman and Yescare  (words in the same document)

- b.  Jennifer Finger
  - i.  Search terms
    1.  Chapman
    2.  Chapman Law Group
    3.  Bankruptcy
    4.  Attorney fees
    5.  Michigan
    6.  Bankruptcy counsel
    7.  Chapman and Yescare  (words in the same document)

- c.  Isaac Lefkowitz
  - i.  Search terms
    1.  Chapman
    2.  Chapman Law Group
    3.  Bankruptcy
    4.  Attorney fees
    5.  Michigan
    6.  Jones

      7. Settlement(s)
      8. Bankruptcy counsel
      9. Chapman and Yescare (in the same document)

  d. Lynette Corbit
     i. Search terms
       1. Chapman
       2. Chapman Law Group
       3. Bankruptcy
       4. Attorney fees
       5. Michigan
       6. Bankruptcy counsel
       7. Chapman and Yescare  (words in the same document)

  e. Corizon Health, Inc. Chief Financial Officer
     i. Search terms
       1. Chapman
       2. Chapman Law Group
       3. Bankruptcy
       4. Attorney fees
       5. Michigan
       6. Bankruptcy counsel
       7. Chapman and Yescare  (words in the same document)

(**See Exhibit A**).

3.    As part of that discovery, Plaintiff sought electronically stored information and provided specification for the production of that information as outlined in **Exhibit B** to this Motion.

4.    Thereafter, on or about January 23, 2024, after the time for responding to Plaintiff's discovery requests had passed, Defendants sought an extension of time for responding to Plaintiff's request for production. (**Exhibit C, January 23, 2024, email communication**). Plaintiff agreed to extend Defendants' time to provide the

discovery productions until February 5, 2024, provided they would agree to a commensurate extension of the discovery period as the documents and communications sought are pivotal to the advancement of discovery in this matter.

5.     On February 6, 2024, after Defendants were to have provided Plaintiff's with the requested production, Defendants' counsel contacted Plaintiff's counsel regarding the quantity of documents produced as a result of Plaintiff's search terms. (**Exhibit D, February 6, 2024, email communication**).

6.     After some negotiations regarding the search terms, the parties agreed to final search terms on March 7, 2024. (**Exhibit E, March 7, 2024, email communication agreeing to search terms.**).

7.     On March 22, 2024, Plaintiff's counsel emailed Defense counsel seeking an update on the productions as none had been forthcoming since the agreement on the terms. Defense counsel advised he had a call with Defendants coming up on March 26, 2024 to "hopefully finalize the production." (**Exhibit F, March 22, 2024 email communications**).

8.     On March 27, 2024, Plaintiff's counsel sent an email following up when Defendants anticipated provided the overdue e-discovery, and requesting depositions of key witnesses. Defense counsel did not respond until April 4, 2024 stating that Defendants were "working towards getting the discovery out by

4

approximately April 20, [2024]." (**Exhibit G, March 27- April, 9 email communications).**

9.    Plaintiff's counsel responded that in light of the extensive delays in receiving discovery they would agree to production by April 20, 2024, but would need Defendants to agree to the proposed order compelling such production by April 20, 2024, attached as **Exhibit H** to this motion.

10.    On April 9, 2024, Defense counsel responded that they did not believe an order compelling the late discovery was warranted because the delays were caused by the search term results. (**Exhibit G**)

11.    Plaintiff now brings this Motion to Compel Defendant to comply with Plaintiff's December 20, 2023 discovery requests and provide the full and complete production of responsive documents including ESI, by April 20, 2024.

12.    Defendants' failure to provide responses and productions to Plaintiff's reasonable discovery request has essentially brought this case to a standstill. Plaintiff cannot proceed with any further discovery and/or conduct depositions of the relevant YesCare employee/agents without the requested productions form Defendants.

13.    Fed. R. Civ. P. 26(b)(1), provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]"

14.     "A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . [any designated documents] in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a). Plaintiff "must respond in writing within 30 days after being served[.]" Fed. R. Civ. P. 34(b)(2)(A). "For each item . . . the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

15.     Fed. R. Civ. P. 37(a)(3)(B), provides that a party may seek an order compelling discovery where the opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(4), provides that an evasive or incomplete answer is the same as a failure to respond for purposes of this rule. Fed. R. Civ. P. 37, provides for sanctions for the failure to comply with discovery, including recovery of the expenses and attorneys' fees incurred in bringing the present Motion. The rationale behind the Court's power to impose severe sanctions against a non-complying party under Rule 37 is not merely to penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S. Ct. 2778 (1976).

16.     Here, Plaintiff has sought numerous times to work with Defendants on the requested production without seeking intervention of the Court. At this time, however, Plaintiff's initial discovery requests are over three months past due and it

6

has been over a month since the parties agreed upon narrowed search terms, and yet Defendants have still failed to provide the requested e-discovery.

17.    As Defendants' delays continue to hinder the formation of Plaintiff's case, Plaintiff must now turn to the Court to seek intervention to prevent on going prejudice to Plaintiff's case. Pursuant to Fed. R. Civ. P. 26, 34, and 37, there can be no serious dispute that Plaintiff is entitled to the requested discovery and has taken reasonable steps to obtain the discovery without resorting to Court intervention.

18.    Plaintiff now requests this honorable Court enter the proposed order attached at **Exhibit H**, compelling full and complete production of the requested e-discovery by April 20, 2024.

19.    Pursuant to local rule 7.1 on April 9, 2024, Plaintiff's counsel sought Defendants' concurrence in the relief sought in this motion, and same was denied.

WHEREFORE, the Plaintiff CHAPMAN LAW GROUP respectfully request that this Honorable Court grant its Motion to Compel Discovery from Defendants, enter the proposed order attached as **Exhibit H**, and grant such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 9, 2024

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Plaintiff
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

|  |  |
|---|---|
| Plaintiff, | Case No: 2:23-cv-11210 |
|  | District Judge: Bernard A. Friedman |
| v. | Magistrate Judge: Kimberly G. Altman |

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

Defendants.

---

| CHAPMAN LAW GROUP | BUTZEL LONG |
|---|---|
| Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | *Attorney for YesCare, Isaac Lefkowitz, and Scott King* |
| Nicholas B. Pillow (P83927) | 201 W. Big Beaver Rd., Suite 1200 |
| *Attorneys for Plaintiff* | Troy, MI 48084 |
| 1441 West Long Lake Rd., Suite 310 | (248) 258-2907 |
| Troy, MI 48098 | newman@butzel.com |
| (248) 644-6326 |  |
| rchapman@chapmanlawgroup.com |  |
| jlanesky@chapmanlawgroup.com |  |
| npillow@chapmanlawgroup.com |  |

---

## BRIEF IN SUPPORT OF PLAINTIFF CHAPMAN LAW GROUP'S EMERGENCY MOTION TO COMPEL DISCOVERY FROM DEFENDANTS

## PROOF OF SERVICE

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................. iii

INDEX OF EXHIBITS...................................................................................... iv

STATEMENT OF ISSUES PRESENTED ............................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT......... vi

I.    STATEMENT OF FACTS ................................................................1

II.   LEGAL ARGUMENT .....................................................................4

III.    CONCLUSION AND RELIEF REQUESTED ...............................6

## INDEX OF AUTHORITIES

### Cases

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S. Ct. 2778 (1976). ..................................................................................................5

### Federal Rules of Civil Procedure

Fed. R. Civ. P. 26(b)(1)................................................................................4

Fed. R. Civ. P. 34(a)....................................................................................5

Fed. R. Civ. P. 34(b)(2)(A) .........................................................................5

Fed. R. Civ. P. 34(b)(2)(B) .........................................................................5

Fed. R. Civ. P. 37(a)(4)................................................................................5

## INDEX OF EXHIBITS

**EXHIBIT A**       Plaintiff's December 20, 2023 discovery requests.

**EXHIBIT B**       Specifications for Production of ESI.

**EXHIBIT C**       January 23, 2024, email communication

**EXHIBIT D**       February 6, 2024, email communication

**EXHIBIT E**       March 5-7, 2024, email communication agreeing to revised search terms.

**EXHIBIT F**       March 22, 2024, Email communication regarding document production.

**EXHIBIT G**       March 27, 2024, to April 9, 2024 email chain regarding document production.

**EXHIBIT H**       Proposed order compelling discovery by April 20, 2024.

## <u>STATEMENT OF ISSUES PRESENTED</u>

SHOULD THE COURT COMPEL DEFENDANTS TO PROVIDE PLAINTIFF WITH FULL AND COMPLETE RESPONSES AND PRODUCTIONS TO PLAINTIFF'S DECEMBER 20, 2023 REQUEST FOR PRODUCTION OF DOCUMENTS BY APRIL 20, 2024?

PLAINTIFF ANSWERS            YES.
DEFENDANTS ANSWER            NO.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Fed. R. Civ. P. 26(b)(1), provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . [any designated documents] in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a). Plaintiff "must respond in writing within 30 days after being served[.]" Fed. R. Civ. P. 34(b)(2)(A). "For each item . . . the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Fed. R. Civ. P. 37(a)(3)(B), provides that a party may seek an order compelling discovery where the opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(4) provides that an evasive or incomplete answer is the same as a failure to respond for purposes of this rule.

Fed. R. Civ. P. 37 provides for sanctions for the failure to comply with discovery, including recovery of the expenses and attorneys' fees incurred in bringing the present Motion. The rationale behind the Court's power to impose severe sanctions against a non-complying party under Rule 37 is not merely to

vi

penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S. Ct. 2778 (1976).

## I.   STATEMENT OF FACTS

On December 18, 2023, this Honorable Court issued the initial Scheduling Order in this matter, (**ECF No. 22**). On December 20, 2023, Plaintiff served its first set of discovery requests on Defendants. (**Exhibit A**). Plaintiff's discovery requests sought in pertinent part production of communications and documents related to the following:

a.  Scott King
- ii.  Search terms
  1. Chapman
  2. Chapman Law Group
  3. Bankruptcy
  4. Attorney fees
  5. Michigan
  6. Bankruptcy counsel
  7. Chapman and Yescare  (words in the same document)

b.  Jennifer Finger
- iii.  Search terms
  1. Chapman
  2. Chapman Law Group
  3. Bankruptcy
  4. Attorney fees
  5. Michigan
  6. Bankruptcy counsel
  7. Chapman and Yescare  (words in the same document)

c.  Isaac Lefkowitz
- iv.  Search terms
  1. Chapman
  2. Chapman Law Group
  3. Bankruptcy
  4. Attorney fees

      5. Michigan
      6. Jones
      7. Settlement(s)
      8. Bankruptcy counsel
      9. Chapman and Yescare (in the same document)

d. Lynette Corbit

    v. Search terms
      1. Chapman
      2. Chapman Law Group
      3. Bankruptcy
      4. Attorney fees
      5. Michigan
      6. Bankruptcy counsel
      7. Chapman and Yescare  (words in the same document)

e. Corizon Health, Inc. Chief Financial Officer

    vi. Search terms
      1. Chapman
      2. Chapman Law Group
      3. Bankruptcy
      4. Attorney fees
      5. Michigan
      6. Bankruptcy counsel
      7. Chapman and Yescare  (words in the same document)

(**See Exhibit A**).

As part of that discovery, Plaintiff sought electronically stored information and provided specification for the production of that information as outlined in **Exhibit B** to this Motion. Thereafter, on or about January 23, 2024, after the time for responding to Plaintiff's discovery requests had passed, Defendants sought an extension of time for responding to Plaintiff's request for production. (**Exhibit C,**

2

**January 23, 2024, email communication**). Plaintiff agreed to extend Defendants' time to provide the discovery productions until February 5, 2024, provided they would agree to a commensurate extension of the discovery period as the documents and communications sought are pivotal to the advancement of discovery in this matter.

On February 6, 2024, after Defendants were to have provided Plaintiff with the requested production, Defendants' counsel contacted Plaintiff's counsel regarding the quantity of documents produced as a result of Plaintiff's search terms. (**Exhibit D, February 6, 2024, email communication**). After some negotiations regarding the search terms, the parties agreed to final search terms on March 7, 2024. (**Exhibit E, March 7, 2024, email communication agreeing to search terms.**).

On March 22, 2024, Plaintiff's counsel emailed Defense counsel seeking an update on the productions as none had been forthcoming since the agreement on the terms. Defense counsel advised he had a call with Defendants coming up on March 26, 2024 to "hopefully finalize the production." (**Exhibit F, March 22, 2024 email communications**).

On March 27, 2024, Plaintiff's counsel sent an email following up when Defendants anticipated provided the overdue e-discovery, and requesting depositions of key witnesses. Defense counsel did not respond until April 4, 2024 stating that Defendants were "working towards getting the discovery out by

3

approximately April 20, [2024]." (**Exhibit G, March 27- April, 9 email communications).** Plaintiff's counsel responded that in light of the extensive delays in receiving discovery they would agree to production by April 20, 2024, but would need Defendants to agree to the proposed order compelling such production by April 20, 2024, attached as **Exhibit H** to this motion.

On April 9, 2024, Defense counsel responded that they did not believe an order compelling the late discovery was warranted because the delays were caused by the search term results. (**Exhibit G**)

Plaintiff now brings this Motion to Compel Defendant to comply with Plaintiff's December 20, 2023 discovery requests and provide the full and complete production of responsive documents including ESI, by April 20, 2024. Defendants' failure to provide responses and productions to Plaintiff's reasonable discovery request has essentially brought this case to a standstill. Plaintiff cannot proceed with any further discovery and or conduct depositions of the relevant YesCare employee/agents without the requested productions form Defendants.

## II.   LEGAL ARGUMENT

Fed. R. Civ. P. 26(b)(1), provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ."

4

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce . . . [any designated documents] in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a). Plaintiff "must respond in writing within 30 days after being served[.]" Fed. R. Civ. P. 34(b)(2)(A). "For each item . . . the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).

Fed. R. Civ. P. 37(a)(3)(B), provides that a party may seek an order compelling discovery where the opposing party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(4), provides that an evasive or incomplete answer is the same as a failure to respond for purposes of this rule. Fed. R. Civ. P. 37, provides for sanctions for the failure to comply with discovery, including recovery of the expenses and attorneys' fees incurred in bringing the present Motion. The rationale behind the Court's power to impose severe sanctions against a non-complying party under Rule 37 is not merely to penalize, but to act as a deterrent. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642-43; 96 S. Ct. 2778 (1976).

As outlined above, the responses to Plaintiff's first set of discovery requests is over three months over due and Defendants continue to kick the proverbial can down the road regarding making the agreed upon productions. Plaintiff has sought

5

numerous times to work with Defendants on the requested production without seeking intervention of the Court. At this time, however, it has been over a month since the parties agreed upon narrowed search terms, and yet Defendants have still failed to provide the requested e-discovery.

As Defendants' delays continue to hinder the formation of Plaintiff's case, Plaintiff must now turn to the Court to seek intervention to prevent on going prejudice to Plaintiff's case. Pursuant to Fed. R. Civ. P. 26, 34, and 37, there can be no serious dispute that Plaintiff is entitled to the requested discovery and has taken reasonable steps to obtain the discovery without resorting to Court intervention.

### III.     <u>CONCLUSION AND RELIEF REQUESTED</u>

Plaintiff now requests this honorable Court enter the proposed order attached at Exhibit H, compelling full and complete production of the requested e-discovery by April 20, 2024.

WHEREFORE, the Plaintiff CHAPMAN LAW GROUP respectfully request that this Honorable Court grant its Motion to Compel Discovery from Defendants, enter the proposed order attached as **Exhibit H**, and grant such other relief as the Court deems just and equitable.

6

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: April 9, 2024

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Plaintiff
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

## PROOF OF SERVICE

I hereby certify that on April 9, 2024, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein.

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com

7