UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAPMAN & ASSOCIATES, P.C.,

                Plaintiff,

v.

YESCARE CORP, et al.,

                Defendants.

_____/

Case No. 2:23-cv-11210

HONORABLE STEPHEN J. MURPHY, III

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the parties are engaged in written discovery which required production of certain information and documents which the parties mutually agree to be confidential, including, *inter alia*, sensitive correctional, personal, medical, and private business operation information. Therefore, the parties have mutually agreed that the aforementioned Confidential Information should be treated as highly confidential for reasons including privacy, security, proprietary interests, and business trade secrets, therefore, have mutually agreed that a protective order limiting the Confidential Information's use, access, and disclosure should be entered; and

**WHEREAS**, the parties being diligently engaged in the process of written discovery, including the production of various electronically stored documents which may be subject to Attorney-Client privilege; the parties acknowledging that during the course of privilege review and production documents that are subject to privilege

1

could be inadvertently disclosed; and the Court being otherwise advised of the premises:

**IT IS HEREBY ORDERED** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, any party receiving such Confidential Information through the discovery process in this case (the Receiving Party) and such Receiving Party's counsel will use such Confidential Information only for purposes of this Case No. 2:23-cv-11210 (the "Action") and will keep such Confidential Information confidential and will not disclose or disseminate such Confidential Information except to the following:

 i. Attorneys of record in this Action and secretaries, paralegals, law clerks, referring attorneys and support staff employees to whom, in the opinion of the attorney of record for the receiving party, it is necessary that the information be disclosed for purposes of the Action;

 ii. Defendants Isaac Lefkowitz and Scott King

 iii. Any person who is not an employee or business consultant of a party and who is retained by a party or its attorneys of record in this Action solely as an independent expert for the purposes of this Action and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must be given a copy of this Protective Order and agree to be bound by it;

 iv. Court reporters, stenographers, clerks, law clerks, and other court personnel employed by the Court, and court reporters, videographers, and/or stenographers at depositions;

v.   All persons specifically engaged by a party for the purpose of supporting a party's litigation effort (including, but not limited to firms engaged in the processing, hosting, and/or facilitating the review of documents produced to a party; making photocopies; preparing demonstrative aids for hearing or trial; conducting or participating in jury studies and/or research; mediating the parties' dispute; or conducting case assessments);

vi.  The author or recipient of the document (not including a person who received the document solely in the course of the Action);

vii. To a deponent in the course of a deposition, and as necessary to use such Confidential information in compliance with E.D. Mich. LR 26.4(c);

viii. The Court and its personnel; and

ix.  The Confidential Information shall not be used for any purpose other than the prosecution or defense of this action.

This Order shall survive the termination of this Action, and shall remain in effect until modified, superseded, or terminated by order of the Court or by agreement of the parties.

All Confidential Information disclosed by the Parties, along with all copies thereof, shall be destroyed upon completion of the above captioned case, including final appeal, to the extent that the same are not disclosed under the terms hereof. Additionally, any Confidential Information that has been

3

converted to attorney work product must be promptly destroyed at the conclusion of the above-captioned case.

Any person who violates this Order may be subject to sanctions, including injunctive relief, contempt orders, monetary damages, or other penalties to be determined by the Court.

This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court.

**IT IS FURTHER ORDERED** that consistent with Federal Rules of Evidence Rule 502(d):

1. The production of privileged or work-product protected documents, electronically stored information (ESI) or information, ***whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.*** This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected

information before production.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 30, 2024

Approved as to form and substance:

*s/Ronald W. Chapman Sr.*
Chapman Law Group
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)

Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
*Attorneys for Plaintiff*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098

(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

*s/ Max Newman (w/permission)*
Butzel Long
Max J. Newman (P51483)

*Attorney for YesCare, Isaac Lefkowitz, and Scott King*
201 W. Big Beaver Rd., Suite 1200
Troy, MI 48084
(*248*) 258-2907

newman@butzel.com