# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

    Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

    Defendants.

Case No: 2:23-cv-11210
District Judge: Stephen J. Murphy, III
Magistrate Judge: Kimberly G. Altman

---

CHAPMAN LAW GROUP
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
*Attorneys for Plaintiff*
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

BUTZEL LONG
Max J. Newman (P51483)
*Attorney for YesCare, Isaac Lefkowitz,*
*and Scott King*
201 W. Big Beaver Rd., Suite 1200
Troy, MI 48084
(248) 258-2907
newman@butzel.com

---

## PLAINTIFF CHAPMAN LAW GROUP'S EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT

NOW COMES Plaintiff, CHAPMAN LAW GROUP, by and through the undersigned counsel, and for its Emergency Motion to Enforce Settlement Agreement states as follows:

1

1. On December 18, 2023, Chapman Law Group filed the operative complaint in the above captioned matter. (**ECF No. 14**).

2. Following some minor discovery, the parties went to facilitation with Ret. Judge Victoria Roberts, which resulted in the parties agreeing to settle the pending litigation.

3. After further negotiation of the material terms of the settlement agreement, the parties reduced their settlement agreement to writing on August 15, 2024. (**Exhibit A – Settlement agreement**).

4. Clause 3 of the Settlement Agreement contemplated that Plaintiff would receive a substantial portion of the settlement though payments made by Defendants' bankruptcy trust: "the Defendants have represented that the Primary Parties are close to a settlement though mediation that would lead to a substantial return to CLG on its Bankruptcy Claim." (**Ex. A**).

5. Clause 4 of the settlement agreement provides in pertinent part:

> **4. Guaranty of Distribution to CLG.** YesCare hereby guaranties that CLG shall receive a minimum distribution in the Bankruptcy Case of **$620,554.80** (together with the Initial Settlement, a total payment of **$670,554.80).** In the event that CLG does not receive the minimum distribution from the Bankruptcy Case, YesCare shall promptly pay CLG an amount equal to the minimum distribution less the amount CLG has actually received from the Bankruptcy Case.

6.      As of the drafting of this motion, Chapman Law Group has received neither a bankruptcy distribution of $620,554.80, nor a payment in that amount from YesCare, or any other Defendant in the above captioned matter.

7.      As such, Defendants YesCare, Issac Lefkowitz, and Scott King have materially breached the settlement agreement attached as **Exhibit A** by failing to tender the bargained for consideration which induced the agreement.

8.      The Court possesses the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted).

9.      This Honorable Court has jurisdiction to enforce the settlement agreement as it has subject matter jurisdiction over the above captioned matter. *See Limbright v. Hofmeister,* 566 F.3d 672, 676 (6th Cir. 2009) (holding that a court may enforce a settlement agreement if it has subject matter jurisdiction over the underlying litigation, even if the order of dismissal does not expressly note the retention of jurisdiction).

10.     In light of Defendants' material breach of the settlement agreement, Chapman Law Group now asks this Honorable Court to issue an order enforcing the terms of the settlement agreement.

11.   On or about March 4, 2026, the United States Bankruptcy Court for the Southern District of Texas issued its "Notice of failure to cure Settlement payment . . ." (**Exhibit B**).

12.   That notice provided in pertinent part:

> **PLEASE TAKE NOTICE THAT, AS OF MARCH 5, 2026, ALL PLAN INJUNCTIONS, STAYS, OR RELEASES PROVIDED IN FAVOR OF THE RELEASED PARTIES THAT WERE IN EFFECT UNDER THE PLAN ARE DEEMED TERMINATED AND VOID AND THE CHANNELING INJUNCTION AND ALL PROTECTIONS AFFORDED TO THE RELEASED PARTIES SET FORTH IN ARTICLE IX.I OF THE PLAN HAVE TERMINATED AUTOMATICALLY. SEE PLAN AT ART. IV.B.2 & ART.IX.I.5.**
>
> **PLEASE TAKE FURTHER NOTICE THAT THE ESTATE PARTY SETTLEMENT IS NO LONGER EFFECTIVE AND ALL BENEFICIARIES OF THE TRUSTS, INCLUDING WITHOUT LIMITATION, ALL HOLDERS OF CHANNELED CLAIMS HAVE NINETY (90) DAYS FROM MARCH 5, 2026, OR JUNE 3, 2026 TO COMMENCE CAUSES OF ACTION AGAINST THE RELEASED PARTIES. SEE PLAN ART. IX.I.6.**

(**Exhibit B**) (emphasis in original).

13.   In light of the notice of the United States Bankruptcy Court, and the failure of Defendants to comply with the terms of the settlement agreement, Plaintiff Chapman Law Group is now forced to turn to this Court to enforce the settlement agreement.

14.    Pursuant to Local Rule 7.1(a)(2)(C), concurrence was not sought in the present motion, given the emergency nature of the relief requested.

WHEREFORE, the Plaintiff CHAPMAN LAW GROUP respectfully requests that this Honorable Court grant this Motion, enter an order directing Defendants to comply with the executed settlement agreement and remit settlement payment in full within 30 days, and grant such other relief as the Court deems just and equitable.

                                        Respectfully submitted,
                                        CHAPMAN LAW GROUP


Dated: April 14, 2026          */s/Ronald W. Chapman Sr.*
                                        Ronald W. Chapman Sr., M.P.A.,
                                        LL.M. (P37603)
                                        Jonathan C. Lanesky (P59740)
                                        Nicholas B. Pillow (P83927)
                                        Attorneys for Plaintiff
                                        1441 West Long Lake Rd., Suite 310
                                        Troy, MI 48098
                                        (248) 644-6326
                                        rchapman@chapmanlawgroup.com
                                        jlanesky@chapmanlawgroup.com
                                        npillow@chapmanlawgroup.com

5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

CHAPMAN & ASSOCIATES, P.C.
d/b/a CHAPMAN LAW GROUP,

       Plaintiff,

v.

YESCARE, ISAAC LEFKOWITZ,
(individually and corporate capacity), and
SCOTT KING, (corporate capacity only),

       Defendants.

Case No: 2:23-cv-11210
District Judge: Stephen J. Murphy, III
Magistrate Judge: Kimberly G. Altman

---

| CHAPMAN LAW GROUP | BUTZEL LONG |
|---|---|
| Ronald W. Chapman Sr., M.P.A., LL.M. (P37603) | Max J. Newman (P51483) |
| Jonathan C. Lanesky (P59740) | *Attorney for YesCare, Isaac Lefkowitz, and Scott King* |
| Nicholas B. Pillow (P83927) | 201 W. Big Beaver Rd., Suite 1200 |
| *Attorneys for Plaintiff* | Troy, MI 48084 |
| 1441 West Long Lake Rd., Suite 310 | (248) 258-2907 |
| Troy, MI 48098 | newman@butzel.com |
| (248) 644-6326 | |
| rchapman@chapmanlawgroup.com | |
| jlanesky@chapmanlawgroup.com | |
| npillow@chapmanlawgroup.com | |

---

**BRIEF IN SUPPORT OF PLAINTIFF CHAPMAN LAW GROUP'S EMERGENCY MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**CERTIFICATE OF SERVICE**

i

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES.................................................................................. iii

INDEX OF EXHIBITS...................................................................................... iv

STATEMENT OF ISSUES PRESENTED ...............................................................v

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT......... vi

I.     STATEMENT OF FACTS ............................................................................1

II.    LEGAL ARGUMENT..................................................................................3

III.   CONCLUSION............................................................................................4

ii

## INDEX OF AUTHORITIES

**Cases**

*Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973)..............3

*Limbright v. Hofmeister,* 566 F.3d 672, 676 (6th Cir. 2009).......................................3

# INDEX OF EXHIBITS

**EXHIBIT A**      Executed Settlement Agreement and Release

**EXHIBIT B**      March 4, 2026 Bankruptcy Court Order

## STATEMENT OF ISSUES PRESENTED

SHOULD THIS COURT GRANT PLAINTIFF'S EMERGENCY MOTION TO ENFORCE THE AUGUST 15, 2024 SETTLEMENT AGREEMENT EXECUTED BETWEEN THE PARTIES.

PLAINTIFF ANSWERS:                                    YES.
DEFENDANTS ANSWER:             UNKNOWN.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

The Court possesses the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted).

vi

## I.    STATEMENT OF FACTS

On December 18, 2023, Chapman Law Group filed the operative complaint in the above captioned matter. (**ECF No. 14**). Following some minor discovery, the parties went to facilitation with Ret. Judge Victoria Roberts, which resulted in the parties agreeing to settle the pending litigation.

After further negotiation of the material terms of the settlement agreement, the parties reduced their settlement agreement to writing on August 15, 2024. (**Exhibit A – Settlement Agreement**). Clause 3 of the Settlement Agreement contemplated that Plaintiff would receive a substantial portion of the settlement though payments made by Defendants' bankruptcy trust: "the Defendants have represented that the Primary Parties are close to a settlement though mediation that would lead to a substantial return to CLG on its Bankruptcy Claim." (**Ex. A**). Clause 4 of the settlement agreement provides in pertinent part:

> **4. Guaranty of Distribution to CLG.** YesCare hereby guarantees that CLG shall receive a minimum distribution in the Bankruptcy Case of **$620,554.80** (together with the Initial Settlement, a total payment of **$670,554.80).** In the event that CLG does not receive the minimum distribution from the Bankruptcy Case, YesCare shall promptly pay CLG an amount equal to the minimum distribution less the amount CLG has actually received from the Bankruptcy Case.

As of the drafting of this motion, Chapman Law Group has received neither a bankruptcy distribution of $620,554.80, nor a payment in that amount from YesCare, or any other Defendant in the above captioned matter.

On or about March 4, 2026, the United States Bankruptcy Court for the Southern District of Texas issued its "Notice of failure to cure Settlement payment . . .", (**Exhibit B – Bankruptcy Court Order**), which  provided in pertinent part:

> **PLEASE TAKE NOTICE THAT, AS OF MARCH 5, 2026, ALL PLAN INJUNCTIONS, STAYS, OR RELEASES PROVIDED IN FAVOR OF THE RELEASED PARTIES THAT WERE IN EFFECT UNDER THE PLAN ARE DEEMED TERMINATED AND VOID AND THE CHANNELING INJUNCTION AND ALL PROTECTIONS AFFORDED TO THE RELEASED PARTIES SET FOR IN ARTICLE IX.I OF THE PLAN HAVE TERMINATED AUTOMATICALLY. SEE PLAN AT ART. IV.B.2 & ART.IX.I.5.**

> **PLEASE TAKE FURTHER NOTICE THAT THE ESTATE PARTY SETTLEMENT IS NO LONGER EFFECTIVE AND ALL BENEFICIARIES OF THE TRUSTS, INCLUDING WITHOUT LIMITATION, ALL HOLDERS OF CHANNELED CLAIMS HAVE NINETY (90) DAYS FROM MARCH 5, 2026, OR JUNE 3, 2026 TO COMMENCE CAUSES OF ACTION AGAINST THE RELEASED PARTIES. SEE PLAN ART. IX.I.6.**

(**Exhibit B**) (emphasis in original).

2

## II.   LEGAL ARGUMENT

The Court possesses the "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (internal quotation marks omitted). This Honorable Court has jurisdiction to enforce the settlement agreement as it has subject matter jurisdiction over the above captioned matter. *See Limbright v. Hofmeister,* 566 F.3d 672, 676 (6th Cir. 2009) (holding that a court may enforce a settlement agreement if it has subject matter jurisdiction over the underlying litigation, even if the order of dismissal does not expressly note the retention of jurisdiction).

As outlined above, the parties in this matter entered into a duly executed settlement agreement on or about August 15, 2024. That agreement provided for the payment of a settlement sum of $670,554.80. To date, only the initial payment of $50,000 has been paid to Plaintiff, leaving $620,554.80 due and owing pursuant to the settlement agreement. Additionally, the recent filing of the bankruptcy Court raises questions about the solvency of the Tehum Care Services bankruptcy trust, necessitating the present Motion to preserve Plaintiff's right to recover and to obtain payment of the sum agreed upon in the settlement agreement.

3

### III.   CONCLUSION

WHEREFORE, Plaintiff CHAPMAN LAW GROUP respectfully requests this Honorable Court grant this Motion, enter an order directing Defendants to comply with the executed settlement agreement and remit settlement payment in full within 30 days, and grant such other relief as the Court deems just and equitable.

Respectfully submitted,
CHAPMAN LAW GROUP


Dated: April 14, 2026

*/s/Ronald W. Chapman Sr.*
Ronald W. Chapman Sr., M.P.A.,
LL.M. (P37603)
Jonathan C. Lanesky (P59740)
Nicholas B. Pillow (P83927)
Attorneys for Plaintiff
1441 West Long Lake Rd., Suite 310
Troy, MI 48098
(248) 644-6326
rchapman@chapmanlawgroup.com
jlanesky@chapmanlawgroup.com
npillow@chapmanlawgroup.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will send notice to all

counsel of record.

/s/ Stephanie Fenton
Stephanie Fenton, Legal Assistant
**On Behalf of Ronald W. Chapman Sr.,
M.P.A., LL.M. (P37603)**

5