# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AND RELEASE

This Confidential Settlement and Release Agreement ("Agreement") with an effective date of August 14, 2024 ("Effective Date") sets forth the terms of a settlement between Chapman Law Group ("CLG"), and YesCare Corp, a Texas corporation   ("YesCare"), Isaac Lefkowitz ("Lefkowitz") and Scott King ("King") (together, YesCare, Lefkowitz and King are "Defendants")

A. CLG is a law firm that defends companies engaged in the delivery of health care services.

B. Plaintiff represented a client, Corizon Health, Inc. n/k/a Tehum Care Services, Inc.("Corizon"), that was created as a result of a merger of two entities, one of which was previously also represented by Plaintiff.  Plaintiff's relationship with Corizon's predecessor extends back more than 20 years.

C. Corizon provided healthcare services to prisoners through contracts with correctional authorities and institutions.  The volume of litigation involving Corizon, where Corizon utilized CLG's services, was extensive.

D. In late April and early May, 2022, Corizon underwent a corporate reorganization under Texas law where Corizon was involved in a merger with various related entities, including its subsidiary Corizon, LLC and then a divisional merger ("The Divisional Merger Transaction") through which the assets and liabilities of Corizon were allocated between Corizon and a newly formed entity, CHS TX, Inc. ("CHS").

E. As a result of the Divisional Merger Transaction, CHS was allocated with the "active business" that used to belong to Plaintiff's client.

F. YesCare subsequently purchased CHS and CHS continues to operate the "active business"  formerly run by Corizon.

G. Corizon owes CLG at least $788,000 in legal fees.

H.  On February 13, 2023, Corizon filed a Chapter 11 Bankruptcy Petition in the Southern District of Texas, Case No. 23-90086 (the "Bankruptcy Case").  The Chapter 11 Case remains pending.  No Plan has yet been confirmed in the Chapter 11 Case.

I.  On August 2, 2023, Plaintiff filed suit in the United States District Court Case No: 2:23-cv-11210 (the "District Court Case"), asserting various claims that YesCare and Lefkowitz were obligated to pay the amount owed by Corizon to CLG (the "Dispute").

J.  The Parties wish to resolve the Dispute on the terms contained in this Agreement in order to avoid the cost and distraction of a prolonged disagreement or litigation.

NOW THEREFORE, IT IS AGREED AS FOLLOWS:

1.  **No Admission**. This Agreement is entered into for the purposes of compromising disputed claims and avoiding the expense, inconvenience, distraction and uncertainty of litigation. Nothing contained in this Agreement, nor any consideration given pursuant to it, shall constitute or be deemed an admission of any act, omission, liability, or damages of any of the Parties to this Agreement.

2.  **Initial Settlement Payment**. Within five business (5) days of the execution of this Agreement, Defendants shall pay CLG the sum of $50,000 (the "Initial Settlement Payment") by wire transfer to the following instructions.

    *Received 8/19/24*

    | | |
    |---|---|
    | Name of Company: | Chapman and Associates, P.C. |
    | Name of Bank: | Fifth Third Bank |
    | Bank Address: | 2282 West Big Beaver Road Troy, MI 48084 |
    | Account No.: | 7913288010 |
    | Wire Routing No.: | 042000314 |
    | Swift Code: | FTBCUS3C |

    Under no circumstances shall CLG be obligated to refund or repay the Initial Settlement Payment.

    The Initial Settlement Payment shall be credited towards the total settlement amount of **$670,554.80** described in paragraph 4.

2

3. **Bankruptcy Case**. In the Bankruptcy Case, the primary parties are the Debtor, the Unsecured Creditors Committee and the Tort Claimants Committee (the "Primary Parties"). The Defendants have represented that the Primary Parties are close to a settlement through mediation that would lead to a substantial return to CLG on its Bankruptcy Claim.

4. **Guaranty of Distribution to CLG**. YesCare hereby guaranties that CLG shall receive a minimum distribution in the Bankruptcy Case of $620,554.80 (together with the Initial Settlement, a total payment of $670,554.80). In the event that CLG does not receive the minimum distribution from the Bankruptcy Case, YesCare shall promptly pay CLG an amount equal to the minimum distribution less the amount CLG has actually received from the Bankruptcy Case.

5. **Mutual Release and Covenant Not To Sue**. Excluding the obligations imposed by this Agreement, to the fullest extent permitted by applicable law, the Parties hereby fully and unconditionally release, and covenant not to sue, each other, as well as their shareholders, members, officers, directors, subsidiaries, affiliated companies, employees, agents, and attorneys from any and all claims, losses, liabilities, and damages of any type or nature, known or unknown, for anything that has occurred to date, including, but not limited to, all claims that have been asserted or could have been asserted prior to the date of this Agreement, with respect to the Dispute or any other prior relationship between the Parties. CLG will forthwith dismiss the District Court Case with prejudice subject to the terms of this Agreement.

6. **Confidentiality**. The Parties warrant that all the provisions of this Agreement, along with all settlement demands and correspondence, will remain in strict confidence, except where disclosure is required under the appropriate legal process or is necessary to enforce the terms of this Agreement. Notwithstanding the foregoing, the Parties may share this Agreement with accounting, tax, financial and/or legal advisors. The Parties agree that the breach of this Confidentiality Agreement will cause the Defendants immediate and irreparable harm, and consent to the entry of an injunction to prevent any actual or likely disclosure of this Agreement outside the terms permitted herein.

7. **All Prior Agreements Null and Void**. Upon complete execution of this Agreement, any other verbal or written agreements, acknowledgments, terms or conditions between or among the Parties are rendered null and void.

8. **Counterparts**. This Agreement may be executed in counterparts. Copies of this Agreement transmitted in PDF format shall be as binding as an original copy.

9. **Governing Law and Enforcement of Agreement**. This Agreement is governed by, and shall be construed in accordance with, the internal laws of the State of Michigan without regard to any conflict of laws rules that might require the application of any state's laws other than Michigan. In the event either party breaches this Agreement, the Parties consent to the exclusive jurisdiction of the United States District Court for

3

the Eastern District of Michigan, for enforcement of this Agreement. The prevailing party shall be entitled to recover its attorney fees.

10. **Entire Agreement**. This Agreement is the entire agreement between the Parties and supersedes any prior written or oral agreements or understandings between the Parties as to the subject matter of his Agreement. This Agreement may only be modified by a writing signed by all Parties.

11. **Complete Authority**. Each person executing this Agreement represents and warrants that he or she is duly authorized and empowered to enter into this Agreement and has the authority and approval to bind the Party so represented.

12. **Reliance on Counsel**. Each party has relied upon the advice and representation of counsel of its own selection and has been fully advised as to the legal effect of this Agreement and has executed this Agreement as its own free and voluntary act.

13. **Counterparts**. This Agreement may be executed in counterparts, and any number of counterparts signed in the aggregate by the parties will constitute a single, original instrument, and signatures of the parties by facsimile and e-mail shall be binding.

14. **Invalidity or Unenforceability of Any Provision of the Agreement**. In the event that any provision of this Agreement is found to be invalid or unenforceable because it violates any statute, rule, regulation or common law, all other provisions of this Agreement shall remain in full force and effect.

15. **Headings; Captions**. The captions contained in the paragraphs of this Agreement are for convenience of reference only and do not in any way limit, expand or modify the terms or provisions of this Agreement.

Signatures:

| Chapman Law Group | YesCare Corp |
|---|---|
| By: _Roaky W. Chapman_ <br> Its: _President._ | By: J. Scott King <br> Its: Chief Legal Officer |
| | J. Scott King |
| | Isaac Lefkowitz |

4